[Cite as *State ex rel. Bowman v. Jackson City School Dist.*, 2011-Ohio-2228.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
JACKSON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO ex rel., | : | |
| DIANA BOWMAN, | : | |
| | : | |
| Relator-Appellant, | : | Case No. 10CA3 |
| | : | |
| vs. | : | **Released: May 5, 2011** |
| | : | |
| JACKSON CITY SCHOOL | : | <u>DECISION AND JUDGMENT</u> |
| DISTRICT, | : | <u>ENTRY</u> |
| | : | |
| Respondent-Appellee. | : | |

_____

APPEARANCES:

Edward L. Ostrowski, Jr., Dublin, Ohio, for Relator-Appellant.

Dane A. Gaschen, and Daniel C. Gibson, Bricker & Eckler LLP, Columbus, Ohio, for Respondent-Appellee.

_____

McFarland, J.:

{¶1} Relator-Appellant, Diana Bowman, appeals the Jackson County Common Pleas Court's denial of her petition for a writ of mandamus against Respondent-Appellee, Jackson City School District, to compel compliance with the Public Records Act. On appeal, Relator-Appellant contends that the trial court erred when it determined that the documents requested are not public records pursuant to R.C. 149.011(G) and denied the petition for a writ of mandamus. We agree with Relator-Appellant and therefore sustain her

sole assignment of error.  As such, the decision of the trial court is reversed and remanded for further action consistent with this opinion.

FACTS

{¶2} On March 12, 2009, Jackson City School Superintendent, Phil Howard, notified the Ohio Department of Education (hereinafter "ODE") that an employed teacher, Christy Parks, had "engaged or may have engaged in conduct unbecoming to the teaching profession."  This notification was made via completion of a School District, MRDD & Community School Educator Misconduct Reporting Form.  Attached to the form was a letter from Superintendent Howard explaining that after being asked to check Parks' use of school email, it was discovered that "she had sent inappropriate emails during the time that should have been teaching[,]" and that the "email correspondence was between her and another adult and had nothing to do with any of our students or any other child."  In the letter, Superintendent Howard also informed ODE that Parks, among other sanctions, had been suspended without pay for forty-five days.

{¶3} The record further reflects that, prior to the report to ODE, Respondent-Appellant, Jackson City School District, and Parks entered into a "Last Chance Agreement" dated March 5, 2009, whereby the parties acknowledged that Parks had "improperly used school computers for

excessive amounts of email during which time she should have been teaching as well as the inappropriate content of such email[.]"

{¶4} At some point thereafter, Respondent-Appellant, Diana Bowman, made a public records request to Respondent-Appellee seeking "all emails and all other supporting documents, in the disciplinary case of Kristy Parks, March 2009."[1]  By letter dated October 22, 2009, Superintendent Howard refused to provide the requested records, explaining that the emails requested were not public records in that they did not serve to document the organization, functions, procedures, policies, or other activities of the school district, citing *State ex. rel Glasgow v. Jones*, 119 Ohio St.3d 391, 2008-Ohio-4788, 894 N.E.2d 686, in support.[2]  Respondent-Appellant made another request by letter dated November 18, 2009.  This time, Relator-Appellant requested "to see the separate public file referred to by Ohio Department of Education,"[3] explaining that the file "should show a pattern of excessive and inappropriate emails."  On November 24, 2009, Superintendent Howard responded to the records request by enclosing the

---

[1] This public records request was undated.

[2] We note the representation made in Superintendent Howard's letter is incomplete in quoting from *State ex rel. Glasgow v. Jones*. That case at ¶ 20 states that emails, text messages and other correspondence are "records" under the Public Records Act if they "serve to document the organization, functions, policies, *decisions*, procedures, operations, or other activities of the office." (Emphasis added).  As will be discussed more fully infra, the inclusion of the word "decisions" is integral to the resolution of the issue presented in the current appeal.

[3] The "separate public file" was created at the direction of ODE after Superintendent Howard reported Parks' misconduct to ODE.  Upon receiving the report, ODE advised Respondent-Appellee that it was to "remove all reports of the board's or chief administrator's investigation regarding this issue from Parks' personnel file to a separate, public file.

records contained in the separate public file, but again denied production of the requested emails, citing its prior reasoning.

{¶5} On December 16, 2009, Respondent-Appellant filed a petition for a writ of mandamus in Jackson County Court of Common Pleas seeking production of the requested emails. In a decision and order dated February 25, 2009, the trial court denied the petition for mandamus. In reaching its decision, the trial court noted that "the emails were used as the basis of discipline against the teacher who wrote them." However, the trial court ultimately reasoned that "[t]he fact that the use of a public email system for private purposes may result to disciplinary actions for the employee does not render the contents public."

{¶6} It is from this decision and order that Respondent-Appellant now brings her timely appeal, setting forth a single assignment of error for our review.

ASSIGNMENT OF ERROR

"I.   THE TRIAL COURT ERRED WHEN IT DETERMINED THAT DOCUMENTS REQUESTED BY RELATOR ARE NOT PUBLIC RECORDS PURSUANT TO R.C. 149.011(G), AND DENIED RELATOR'S PETITION FOR A WRIT OF MANDAMUS."

LEGAL ANALYSIS

{¶7} In her sole assignment of error, Respondent-Appellant contends that the trial court erred when it determined that documents requested by her

are not public records pursuant to R.C. 149.011(G) and denied her petition for a writ of mandamus. "We review a trial court's denial of a writ of mandamus under the abuse of discretion standard." *Athens County Commissioners v. Ohio Patrolmen's Benevolent Association*, Athens App. No. 06CA49, 2007-Ohio-6895 at ¶45; citing, *Truman v. Village of Clay Center*, 160 Ohio App.3d 78, 83, 2005-Ohio-1385, 825 N.E.2d 1182.

{¶8} " 'Mandamus is the appropriate remedy to compel compliance with R.C. 149.43, Ohio's Public Records Act.' " *State ex rel. Toledo Blade Co. v. Seneca Cty. Bd. of Commrs.*, 120 Ohio St.3d 372, 2008-Ohio-6253, 899 N.E.2d 961 at ¶17; citing, *State ex rel. Physicians Commt. for Responsible Medicine v. Ohio State Univ. Bd. of Trustees*, 108 Ohio St.3d 288, 2006-Ohio-903, 843 N.E.2d 174 at ¶ 6; R.C. 149.43(C). "We construe R.C. 149.43 liberally in favor of broad access and resolve any doubt in favor of public records." *State ex rel. Toledo Blade Company* at ¶17; citing, *State ex rel. Carr v. Akron*, 112 Ohio St.3d 351, 2006-Ohio-6714, 859 N.E.2d 948 at ¶ 29.

{¶9} " 'Public record' means records kept by any public office, including * * * school district units." R.C. 149.43(A)(1). It is undisputed that the Jackson City School District is a public office subject to R.C. 149.43. See, *Ellis v. Cleveland Municipal School District*, 309 F.Supp.2d

1019 (N.D. Ohio, 2004) (reasoning "public records include those kept by school district units and public employee personnel records, including records reflecting discipline, are generally regarded as public records absent proof of an exception.).

{¶10} Turning our attention to the specific records requested, we note that the requested e-mail messages are "records" subject to the Public Records Act if they are "(1) documents, devices, or items, (2) created or received by or coming under the jurisdiction of the state agencies, (3) which serve to document the organization, functions, policies, *decisions*, procedures, operations, or other activities of the office." *State ex rel. Glasgow v. Jones*, supra, at ¶ 20; citing *State ex rel. Dispatch Printing Co. v. Johnson*, 106 Ohio St.3d 160, 2005-Ohio-4384, 833 N.E.2d 274 at ¶ 19; R.C. 149.011(G).  (Emphasis added).  First, e-mail messages and correspondence are "documents, devices, or items" under the first prong of the definition of "records." *State ex rel. Glasgow v. Jones* at ¶ 20.  More specifically, e-mail messages constitute electronic records under R.C. 1306.01(G) because they are records "created, generated, sent, communicated, received, or stored by electronic means." Id.; see, also R.C. 149.011(G) (which includes "an electronic record as defined in section

1306.01 of the Revised Code" as a "document, device, or item" within the definition of "record.").

{¶11} Secondly, the e-mail messages requested are those sent and received by an employed teacher through Respondent school district's public email system during business hours. The record further indicates that these emails were sent and received "during time that she should have been teaching." Thus, the requested emails meet the second prong of the definition of "records."

{¶12} It is primarily the final requirement upon which the parties herein disagree. Relator-Appellant, Diana Bowman, contends that the requested emails are public records subject to disclosure because the emails served as the basis for Respondent-Appellee's *decision* to discipline Parks. More specifically, Relator-Appellant argues that private emails sent over a public office computer become public records when they are utilized to make decisions in the public office. Respondent-Appellee contends that the emails requested are not public records because they were personal in nature and did not serve to "document the organization, functions, policies, decisions, procedures, operations, or other activities of the office" as provided in R.C. 149.011(G). For the following reasons, we agree with Relator-Appellant.

{¶13} As set forth above, the record before us includes a "School District, MRDD & Community School Educator Misconduct Reporting Form" completed by Respondent-Appellee's superintendent, Phil Howard. The form, which was provided to the Ohio Department of Education, indicates that teacher Christy A. Parks "has engaged or may have engaged in conduct unbecoming to the teaching profession." Attached to the form is a letter from Superintendent Howard, explaining that an investigation had been performed in which it was discovered that Christy Parks "had sent inappropriate emails during time that she should have been teaching." The letter further stated that the "email correspondence was between her and another adult and had nothing to do with any of our students or any other child."

{¶14} The record before us also includes a "Last Chance Agreement" entered into by Parks and Respondent-Appellee. In the agreement, the parties stipulate that Parks "improperly used school computers for excessive amounts of email during which time she should have been teaching as well as the inappropriate content of such email." Both the letter to the Ohio Department of Education and the Last Chance Agreement indicate that, as a result of the findings of the investigation, Parks would be disciplined.

Among other sanctions, Parks was suspended without pay for forty-five days.

{¶15} Any email "which serves to document the organization, functions, policies, *decisions*, procedures, operations, or other activities of the office" constitutes a public record under R.C. 149.011(G). (Emphasis added). We conclude that because Respondent's decision to discipline Parks was related to her inappropriate use of email during time that she should have been teaching, the emails that were discovered during the course of the investigation are public records. Specifically, we conclude that because the superintendent relied upon the emails in reaching his decision to discipline Parks, the emails themselves constitute public records. See *State ex rel. Freedom Communications, Inc. v. Elida Community Fire Company et al.*, 82 Ohio St.3d 578, 581, 1998-Ohio-411, 697 N.E.2d 210 (reasoning that records documenting investigation and decision to terminate two volunteers related to employment and personnel matters and were public records).

{¶16} Further, in *State ex rel. Highlander v. Rudduck*, 103 Ohio St.3d 370, 2004-Ohio-4952, 816 N.E.2d 213, the Supreme Court of Ohio reasoned that " '[A]ny record used by a court to render a decision is a record subject to R.C. 149.43.' *State ex rel. WBNS TV, Inc. v. Dues,* 101 Ohio St.3d 406, 2004-Ohio-1497, 805 N.E.2d 1116, ¶ 27." In *State ex rel. WBNS TV, Inc.*,

an unredacted application for approval of a settlement agreement was sought. The Supreme Court of Ohio reasoned that "any record used by a court to render a decision is a record subject to R.C. 149.43," specifically citing the fact that the judge used the redacted information from the sealed application to decide whether to approve the settlement and whether to grant the estate's motion for attorney fees. Id.

{¶17} Both court records and school district records are subject to R.C. 149.43. Much like the judge relied on certain information to reach decisions in *Highlander* and *WBNS*, the superintendent relied on the emails in question in reaching his decision to discipline Parks, enter into a Last Chance Agreement with her, and report her to the Ohio Department of Education, all of which were "decisions, procedures, operations, or other activities of the office" as per R.C. 149.011(G). Thus, we conclude, despite the allegedly private nature of the emails, the superintendent's reliance upon them in reaching his decision makes them public records subject to disclosure.

{¶18} As such, Relator-Appellant's sole assignment of error is sustained and the decision of the trial court denying her petition for a writ of mandamus compelling the release of the requested records is reversed.

Accordingly, this matter is remanded to the trial court for further

proceedings consistent with this opinion.

**JUDGMENT REVERSED AND
CAUSE REMANDED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE REVERSED AND THE CAUSE REMANDED and that the Appellant recover of Appellee costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Jackson County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Kline, J.: Concurs in Judgment and Opinion.
Abele, J.: Dissents.

For the Court,

BY:  _____
Judge Matthew W. McFarland

### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**