[Cite as *Patton v. Solon City School Dist.*, 2017-Ohio-9415.]

| | |
|---|---|
| DAVID V. PATTON | Case No. 2017-00570-PQ |
| Requester | Special Master Jeffery W. Clark |
| v. | REPORT AND RECOMMENDATION |
| SOLON CITY SCHOOL DISTRICT | |
| Respondent | |

{¶1} On November 8, 2016, requester David Patton made a public records request to the Solon Board of Education seeking "complete copies of: (i) All of the surveillance videos taken aboard Solon City School's bus number 36's morning and afternoon routes to and from Roxbury Elementary School from August 16, 2016 to October 21, 2016, inclusive." (Complaint, Exhibit A.) On November 11, 2016, Treasurer Tim Pickins responded that all responsive videos had been properly disposed of in accordance with the Solon City School District's ("Solon SD") records retention schedules, except for video from October 21, 2016. (*Id.*, Exhibit B.) Pickens advised that the remaining video was being withheld from Patton's request as excepted under the Family Education Rights and Privacy Act (FERPA) and R.C. 3319.321.

{¶2} On June 27, 2017, Patton filed a complaint under R.C. 2743.75 alleging denial of timely access to public records in violation of R.C. 149.43(B) by respondent Solon SD. The case proceeded to mediation, and on September 27, 2017, the court was notified that the case was not fully resolved. On October 11, 2017, Solon SD filed its answer and motion to dismiss (Response). On October 26, 2017, Solon SD filed an unredacted copy of the withheld video under seal, and a copy of the video redacted to disclose only Patton's son. On November 3, 2017, Patton filed a reply to Solon SD's response. On November 21, 2017, Solon SD filed a sur-reply.

{¶3} The remedy of production of records is available under R.C. 2743.75 if the court of claims determines that a public office denied an aggrieved person access to requested public records in violation of R.C. 149.43(B). R.C. 149.43(B)(1) requires a public office to make copies of public records available to any person upon request, and within a reasonable period of time. "[O]ne of the salutary purposes of the Public Records Law is to ensure accountability of government to those being governed." *State ex rel. Strothers v. Wertheim*, 80 Ohio St.3d 155, 158, 684 N.E.2d 1239 (1997). Therefore, R.C. 149.43 must be construed "liberally in favor of broad access, and any doubt is resolved in favor of disclosure of public records." *State ex rel. Cincinnati Enquirer v. Hamilton Cty.*, 75 Ohio St.3d 374, 376, 662 N.E.2d 334 (1996).

{¶4} R.C. 2743.75(F)(1) states that public records claims filed thereunder are to be determined through "the ordinary application of statutory law and case law." Case law regarding the alternative statutory remedy of a mandamus action[1] provides that a relator must establish by "clear and convincing evidence" that they are entitled to relief. *State ex rel. Miller v. Ohio State Hwy. Patrol,* 136 Ohio St.3d 350, 2013-Ohio-3720, ¶ 14. Therefore, the merits of this claim shall be determined under the standard of clear and convincing evidence, i.e., "that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus. *See Hurt v. Liberty Twp.*, 5th Dist. Delaware No. 17CAI050031, 2017-Ohio-7820, ¶ 27-30.

**Motion to Dismiss**

{¶5} Solon SD moves to dismiss the complaint on the grounds that the withheld portions of the video have been properly redacted pursuant to R.C. 149.43(A)(1)(v), and

---

[1] Formerly R.C. 149.43(C)(1), recodified in 2016 as R.C. 149.43(C)(1)(b), 2016 Sub. S.B. No. 321.

specifically, that 1) federal privacy law prohibits the district from disclosing the requested video, 2) redacting the video to obscure only children's faces, as requested, is not enough to comply with FERPA regulations, and 3) state law likewise bars the district from providing the video as requested. In construing a motion to dismiss pursuant to Civ.R. 12(B)(6), the court must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988). Then, before the court may dismiss the complaint, it must appear beyond doubt that plaintiff can prove no set of facts entitling him to recovery. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 245, 327 N.E.2d 753 (1975). The unsupported conclusions of a complaint are, however, not admitted and are insufficient to withstand a motion to dismiss. *Mitchell* at 193.

### Suggestion of Mootness

{¶6} In an action to enforce R.C. 149.43(B), a public office may produce the requested records prior to the court's decision, and thereby render the claim for production of records moot. *State ex rel. Striker v. Smith*, 129 Ohio St.3d 168, 2011-Ohio-2878, 950 N.E.2d 952, ¶ 18-22. A court considering a claim of mootness must first determine what records were requested, and then whether all responsive records were provided. Solon SD allowed Patton to inspect the video at length on November 2, 2016 (Complaint, Exhibit C; Reply, Exhibit B at ¶ 9-10.), and later provided him a copy from which all content had been redacted other than Patton's son. However, Patton's public records request was for a copy of the video, rather than inspection, and he disputes that the copy he was provided was properly redacted. I therefore recommend that the claim for a copy of the video be DISMISSED as moot only as to the unredacted portions provided to Patton. The court should proceed to determine on the merits whether the remaining portions of the video were withheld in violation of R.C. 149.43(B).

**The Video is a "Public Record"**

{¶7} Solon SD makes school bus video recordings for security and other purposes, and retained this video when it became part of its disciplinary process. (Sur-reply at 4.) On review, the unredacted video shows multiple students involved in physical and verbal altercation(s), at various times and in several ways. Throughout the video, approximately half of the filmed area captures images other than students, primarily of the floor, seat backs, and windows. The floor and seat backs are static features, other than as traversed by students. Occasional cars and street features can be seen through the windows. The unredacted video contains audio that cuts out at twelve minutes and 18 seconds into playback.[2] Respondent asserts that only a portion of the area filmed by the video is a "record" of the district because it "used this portion of the video in making disciplinary decisions for the students involved in the fight," *Id.* Respondent does not identify what "this portion" consisted of.

{¶8} R.C. 149.011(G) provides a three-part definition of "records," as used in Revised Code Chapter 149:

> "Records" includes any document, device, or item, regardless of physical form or characteristic, including an electronic record as defined in section 1306.01 of the Revised Code, created or received by or coming under the jurisdiction of any public office of the state or its political subdivisions, which serves to document the organization, functions, policies, decisions, procedures, operations, or other activities of the office.

The school bus video readily meets the first two elements of the definition, as an electronic *document*, *created by* Solon SD. Regarding the third element, "any record used by a court to render a decision is a record subject to R.C. 149.43." (Citations omitted.) *State ex rel. WBNS TV, Inc. v. Dues*, 101 Ohio St.3d 406, 2004-Ohio-1497, 805 N.E.2d 1116, ¶ 27. The same is true of any record used by a school district to

---

[2] Audio in the redacted video cuts out at ten minutes and 22 seconds into playback. The redacted video is shorter than 12 minutes overall. No specific explanation of this discrepancy is provided by respondent, but any release ordered by the court is based on the longer, unredacted video. Both videos submitted to the court appear to be extracts from a longer recording.

render a decision. *State ex rel. Bowman v. Jackson City Sch. Dist.*, 4th Dist. Jackson No. 10CA3, 2011-Ohio-2228, ¶ 16-17. Solon SD affirms that "the video in question here is undoubtedly an educational record for the students involved in the altercation because the District maintained it for disciplinary purposes" (Sur-reply at 2, 4; Response at 5.), but asserts broadly that "[t]he rest of the video – footage that depicts empty seats, windshields [sic], and so on – does not document the District's decisions, policies, activities, etc., and is not a public record at all." (Sur-reply at 4.) Solon SD argues that it may withhold "the rest of the video" as non-record material not subject to the Public Records Act.

{¶9} The Public Records Act is construed liberally in favor of broad access, and any doubt is resolved in favor of disclosure. *State ex rel. Cincinnati Enquirer v. Pike Cty. Coroner's Office*, Slip Op. at 2017-Ohio-8988, ¶ 15. Further, the court has a duty to avoid construction of a statute that would circumvent the evident purpose of the enactment, or lead to unreasonable or absurd results. R.C. 1.47(C); R.C. 1.49(E); *Toledo Blade Co. v. Seneca Cty. Bd. of Comm'rs.*, 120 Ohio St.3d 372, 2008-Ohio-6253, 899 N.E.2d 961, ¶ 31; *State ex rel. Cincinnati Post v. City of Cincinnati*, 76 Ohio St.3d 540, 543, 668 N.E.2d 903 (1996). Whether or not the availability of an empty seat or the movement of other students ultimately figured in the district's disciplinary decision, it is instructive to ask whether the district would have felt comfortable having a video editor black out the windows, seat backs, floor, empty seat(s), uninvolved students – all context other than free-floating images of the "involved" students on a redacted-black background, *before* it reviewed the video for disciplinary purposes. A construction of R.C. 149.011(G) and R.C. 149.43 that allows public offices to prune away every space, word, or image that it claims did not figure directly in a decision to which the record as a whole relates would unreasonably limit the legislative intent of full disclosure of public records.

{¶10} Public offices may redact demonstrably personal information kept only for administrative convenience when releasing a larger record in which that information exists. *State ex rel. Dispatch Printing Co. v. Johnson*, 106 Ohio St.3d 160, 2005-Ohio-4384, 833 N.E.2d 274, ¶ 25-29; *State ex rel. McCleary v. Roberts*, 88 Ohio St.3d 365, 369, 2000-Ohio-345, 725 N.E.2d 1144; *State ex rel. Fant v. Enright*, 66 Ohio St.3d 186, 610 N.E.2d 997 (1993). However, the court is aware of no case holding that a public office may redact the empty margins of a letter, borders of a table, white space between paragraphs, or pagination numbers simply by claiming that it "did not actually utilize" such incidental images, blanks, and figures in conducting its activities. *See State ex rel. Mahajan v. State Med. Bd. of Ohio*, 127 Ohio St. 3d 497, 2010-Ohio-5995, 940 N.E.2d 1280, ¶ 39 ("the redacted page numbers for the deposition quotations are not supported by any exemption from disclosure.") Nor is the court aware of any case authority approving a public office cropping photographs or editing video recordings to obscure all incidental content (or absence of content) as "non-record." While there is no reason that the holding in *Dispatch* may not be applied to record media other than paper, Solon SD does not provide clear and convincing evidence that *Dispatch* may be applied to obscure incidental images behind, around and between the several students involved in the altercation(s).

{¶11} In *State ex rel. Cincinnati Enquirer v. Ohio Dept. of Pub. Safety*, 148 Ohio St.3d 433, 2016-Ohio-7987, 71 N.E.3d 258, a requester sought trooper cruiser videos. In addition to images visible through the windows of a pursuit and arrest, the videos captured long stretches of incidental images such as passing traffic, a concrete barrier, and an empty rear seat in one of the cruisers. *Id.* at ¶¶ 17-18, 21. The Court found the videos qualified as "records" of the Highway Patrol, including those not directly used for investigation or prosecution, and that any portion not subject to an exception must be released. *Id.* at ¶¶ 33-34, 47-50. *See also State ex rel. Rhodes v. City of Chillicothe*, 4th Dist. Ross No. 12CA3333, 2013-Ohio-1858, ¶ 34-36 (images considered but rejected in

decision to issue citations were still "records" of the office.) Here, as in *Enquirer*, the bus videos are routinely made, the camera captures a field of view set by the agency, and there are multiple activities that the recording may potentially document, e.g., bus crashes, parent/driver altercations, law enforcement activity, etc., in addition to student discipline. (Sur-reply at p. 1-2.) I conclude that the entire school bus video kept by Solon SD qualifies as a "record." "'Public record' means records kept by any public office, including * * * school district units." R.C. 149.43(A)(1). As a record "kept by" Solon SD at the time of the request, I conclude that the video is a public record, subject to any applicable exceptions.

**Application of Claimed Exceptions**

{¶12} R.C. 149.43(A)(1) sets forth specific exceptions from the definition of "public record," as well as a catch-all exception for, "[r]ecords the release of which is prohibited by state or federal law." R.C. 149.43(A)(1)(v). The public office bears the burden of proof to establish the applicability of any exception:

> Exceptions to disclosure under the Public Records Act, R.C. 149.43, are strictly construed against the public-records custodian, and the custodian has the burden to establish the applicability of an exception. * * * A custodian does not meet this burden if it has not proven that the requested records fall squarely within the exception.

*State ex rel. Cincinnati Enquirer v. Jones-Kelley*, 118 Ohio St.3d 81, 2008-Ohio-1770, 886 N.E.2d 206, ¶ 10; *accord State ex rel. Thomas v. Ohio State Univ.*, 71 Ohio St.3d 245, 247, 643 N.E.2d 126 (1994). Where a public office claims an exception based on risks that are not evident within the records themselves, the office must provide more than conclusory statements in affidavits to support that claim. *State ex rel. Besser v. Ohio State Univ.*, 89 Ohio St.3d 396, 400-404, 732 N.E.2d 373 (2000). Solon SD asserts that specified portions of the withheld records are subject to both the Family Education Rights and Privacy Act (FERPA), and R.C. 3319.321.

**Family Education Rights and Privacy Act (FERPA)**

FERPA provides that

[n]o funds shall be made available under any applicable program to any educational agency or institution which has a policy or practice of permitting the release of education records (or personally identifiable information contained therein other than directory information, as defined in paragraph (5) of subsection (a) of this section) of students without the written consent of their parents to any individual, agency, or organization.

20 U.S.C. 1232g(b)(1). *See generally State ex rel. ESPN, Inc. v. Ohio State Univ.*, 132 Ohio St.3d 212, 2012-Ohio-2690, 970 N.E.2d 939, ¶ 18-35. This language is considered a prohibition that constitutes an exception to public records release of covered information, under R.C. 149.43(A)(1)(v). *Id.* at ¶ 24. Student disciplinary records are "education records" subject to FERPA. *Id.* at ¶ 28-31. Solon SD states that the images of the children involved in an altercation on the bus have been used and maintained as disciplinary records. (Sur-reply at 2, 4.) However, Solon SD concedes that the incidental footage of students in the background is not an education record for those children.[3] (*Id.* at 2; citing Exhibit A.) Thus, only the images of children involved in the altercation on the bus (except for Patton's son) are subject to withholding pursuant to FERPA, and I conclude that these images may be redacted.

{¶13} FERPA contemplates the display of certain protected records to the parents of children in the course of disciplinary proceedings. Such statutory display is not a waiver of the statutory exception by Solon SD, and in any case only the parents of the other children involved may give consent to further release, not the school district. The duty to withhold is on the school, but the right of confidentiality belongs to each student. Thus, the portions of the video protected under FERPA may not be disclosed

---

[3] The entire video was determined to be a "record" in the preceding section. Application of FERPA exceptions requires the separate determination of what *type* of record may be withheld from within the larger video record, i.e., an *education* record.

under the Public Records Act. *State ex rel. Wallace v. State Med. Bd.*, 89 Ohio St.3d 431, 434-436, 732 N.E.2d 960 (2000).

**R.C. 3319.321**

Similar to FERPA, Ohio's R.C. 3319.321(B) provides:

No person shall release, or permit access to, personally identifiable information other than directory information concerning any student attending a public school, for purposes other than those identified in division (C), (E), (G), or (H) of this section, without the written consent of the parent, guardian, or custodian of each such student who is less than eighteen years of age, or without the written consent of each such student who is eighteen years of age or older.

This language prohibits release of student disciplinary records, *Schuckert v. Bd. of Ed.*, 9th Dist. Summit No. 12162, 1985 Ohio App. LEXIS 9170, *5-6 (October 30, 1985). Unlike FERPA, however, the statute is not limited to "education records," but broadly prohibits release of <u>any</u> personally identifiable information other than directory information concerning any student attending a public school. "Personally identifiable information" is not defined in the Ohio Revised Code for purposes of Chapter 3319, and the court must therefore refer to the related FERPA definition at 34 C.F.R. § 99.3:

Personally Identifiable Information
The term includes, but is not limited to -

(a) The student's name;

(b) The name of the student's parent or other family members;

(c) The address of the student or student's family;

(d) A personal identifier, such as the student's social security number, student number, or biometric record;

(e) Other indirect identifiers, such as the student's date of birth, place of birth, and mother's maiden name;

(f) Other information that, alone or in combination, is linked or linkable to a specific student that would allow a reasonable person in the school community, who does not have personal knowledge of the relevant circumstances, to identify the student with reasonable certainty; or

(g) Information requested by a person who the educational agency or institution reasonably believes knows the identity of the student to whom the education record relates.

The video does not contain any of the information listed in subsections (a) through (e). However, Solon SD provides clear and convincing evidence that Patton became aware of the identity of all the students involved in the incident prior to making his public records request. (Response at p. 3-4, 6-8; Exhibit 1, Regano Aff. at ¶ 10; Exhibit 1A; Patton Aff. at ¶ 7-10.) Pursuant to R.C. 3319.321(B), I conclude that Solon SD is required to withhold all "personally identifiable information," as defined in C.F.R. § 99.3 subsections (f) and (g), of all students in the bus video.

### Extent of Redaction

{¶14} Public records may be redacted only to withhold exempt information, and the public office "shall make available all of the information that is not exempt." R.C. 149.43(B)(1); *accord ESPN* at ¶ 33-35. Patton has offered that "the District could simply blur or otherwise obscure the faces and any other identifying student information in the school bus surveillance video. The District can even charge me for the costs of this redaction. See R.C. §149.43(B)(6)." (Complaint, ¶ 4.) Patton expresses specific interest in video of an "empty seat across the aisle." (Reply at 7; Complaint, Exhibit C, p. 1), and "the windshield [sic - only side windows are visible]." *Id.*

{¶15} As the District observes, it is in the best position to evaluate what personal characteristics and other information in the video would disclose a student's identity. (Response at 6.) The unredacted video captures student faces, hair, body shapes, clothing, backpacks, phones, voices,[4] and actions during the altercation, and other items that may serve to identify a student to a parent who is already familiar with that information and those characteristics. I find that at the discretion of Solon SD, any such items may be obscured, including the entire student where protected information is

---

[4] Although personally identifiable audio information would be subject to redaction on the same bases as video images, the entire audio track appears to have been released to Patton with the redacted video.

inextricably intertwined. Non-personally identifying information, such as the side windows, the intermittent appearance of unoccupied seats, seat backs, and the floor, should not be obscured unless inextricably intertwined with student identity or actions.[5]

**Timeliness**

{¶16} Solon SD did not provide an initial, redacted version of the requested video until more than seven months after Patton's November 8, 2016 request, and has not provided any explanation for the delay in its response. I find that Solon SD failed to comply with its obligation under R.C. 149.43(B)(1) to provide copies of the requested records "within a reasonable period of time."

**Inquiry as to Purpose of Public Records Request**

{¶17} Patton asserts that during a meeting on May 31, 2017, an official of Solon SD asked him, "Why do you want the video?" (Complaint at ¶ 8; Reply, Exhibit B, ¶ 15-19.) Patton claims that this question constituted a violation of R.C. 149.43(B). The referenced prohibition is found in R.C. 149.43(B)(4):

> (4) Unless specifically required or authorized by state or federal law or in accordance with division (B) of this section, no public office or person responsible for public records may *limit or condition the availability of public records by requiring* disclosure of the requester's identity or *the intended use of the requested public record*. Any requirement that the requester disclose the requester's identity or the intended use of the requested public record constitutes a denial of the request.

(Emphasis added.) The official's inquiry as to purpose was posed six months after Solon SD denied Patton's initial request, and four months after he had reiterated the request and received a second denial. The statutory language does not creat e a per se violation for inquiring as to intended use, but instead forbids an office to "*limit or condition the availability of public records by requiring* disclosure of * * * the intended use of the requested public record." *Id.* The fact that the office had twice denied the

---

[5] Other than the required redaction of personally identifying student information, the parties remain at liberty to negotiate the editing in any way that reduces time for respondent, and costs to the requester.

request in writing before an official posed the question during a later discussion constitutes persuasive circumstantial evidence that Solon SD did not limit or condition the availability of the records based on disclosure of Patton's purpose. This conclusion is consistent with the fact that the explanation and legal authorities provided in the written denials, if applicable, prohibited Solon SD from releasing the subject records even if it were so inclined. I conclude that Patton fails to show by clear and convincing evidence that Solon SD's actions on May 31, 2017 constituted a violation of R.C. 149.43(B)(4).

{¶18} R.C. 149.43(B)(5) has no application here, as the provision applies only to situations where a public office believes that knowing the intended use would enhance the ability of the public office to "identify, locate, or deliver the records sought." Here, both parties were already aware of the identity and location of the requested record, and Solon had twice refused to deliver it. As with (B)(4), this statute does not create a per se violation for asking the question, but instead frames a limited option for a public office to make a useful inquiry where that inquiry would otherwise violate (B)(4).

**Conclusion**

{¶19} Upon consideration of the pleadings, attachments, and responsive records filed under seal, I recommend that the court find that Solon SD's motion to dismiss the claim as moot be GRANTED as to the portion released to Patton prior to this report and recommendation. I further recommend that the court find that the entirety of the bus surveillance video is a record of Solon SD, but that Solon SD is entitled to redact those portions of the video prohibited from release under FERPA and R.C. 3319.321, as detailed above under Extent of Redaction.

{¶20} I recommend that the court issue an order GRANTING Patton's claim for relief for production of records as detailed above. I further recommend that the court order that Patton is entitled to recover from Solon SD the costs associated with this action, including the twenty-five dollar filing fee. R.C. 2743.75(F)(3)(b).

{¶21} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

_____
JEFFERY W. CLARK
Special Master

cc:

David V. Patton
33595 Bainbridge Road
Suite 200A
Solon, Ohio 44139

Kathryn I. Perrico
Miriam Pearlmutter
1301 East Ninth Street
Suite 3500
Cleveland, Ohio 44114-1821

**Filed December 27, 2017**
**Sent to S.C. Reporter 1/11/18**