[**THE STATE EX REL.**] **CARR ET AL.** *v.* **CITY OF AKRON.**

[Cite as *State ex rel. Carr v. Akron*, 112 Ohio St.3d 351, 2006-Ohio-6714.]

*Public records—Federal Freedom of Information Act inapplicable to records of city—R.C. 149.43—Prior request as prerequisite to mandamus action—Immateriality of pending civil suit in which requested records might be useful or available through discovery—Records related to promotional examinations within fire department—Trade-secret exemption—Exemption for records identifying persons as firefighters.*

(No. 2006-0168 ─ Submitted December 14, 2006 ─ Decided December 28, 2006.)

IN MANDAMUS.

————————————

**Per Curiam.**

{¶ 1}  This is an original action for a writ of mandamus to compel a city to provide access to certain records relating to a fire-captain promotional examination.  Because one of the relators never requested the records, because the federal Freedom of Information Act does not apply to the city, and because the remaining requested records either have been provided, do not exist, or are excepted from disclosure under the Public Records Act, we deny the writ.

Promotional Examinations and the Consulting Contract

{¶ 2}  Respondent, the city of Akron, Ohio, promotes firefighters within the Akron Division of Fire on the basis of competitive examinations.  In December 2004, the city administered promotional examinations for the positions of fire lieutenant and fire captain.  The city retained E.B. Jacobs, L.L.C., a consulting firm specializing in psychological testing and assessment, to prepare and score the promotional examinations.

**{¶ 3}** Under the agreement between Akron and E.B. Jacobs, E.B. Jacobs agreed to prepare the written and oral portions of the promotional examinations, hire assessors to evaluate and score the candidates' performance on the oral exercises, and prepare a final written report including an outline of the process for the development and scoring of the promotional examinations and their relation to the lieutenant and captain positions. E.B. Jacobs further agreed to "[t]ransfer any and all records, documents, data, data analyses, and compilations, including but not limited to all examinations, answer sheets, answer keys, assessment exercises and assessor scoring sheets related to this AGREEMENT to the City of Akron Personnel Director upon completion of services. The CITY will pay for the shipment of all said materials from the CONSULTANT to the CITY. Further, all said materials shall be available to the CITY at any time."

**{¶ 4}** In Section 5 of the contract, the parties agreed that "all data, documents and materials are subject to all applicable public records law." In Section 16, the parties specified that E.B. Jacobs "is an independent contractor and not an agent or employee" of Akron and that the city had no "right to control the mode or manner in which" E.B. Jacobs performed under the contract.

Records Requests

**{¶ 5}** Relators, Bradley Carr and William Howe, are firefighter/medics holding the rank of lieutenant in the Akron Division of Fire. Both relators took the promotional examination for captain. In April 2005, the promotional list was certified and the examination scores were mailed to the candidates. Based on the promotional examinations, the city promoted several firefighters to lieutenant and captain.

**{¶ 6}** In May 2005, Carr requested that the city provide him with certain records relating to the fire-captain promotional examination. Carr specified that his request was being made pursuant to the federal Freedom of Information Act ("FOIA"). In September 2005, Carr again requested that the city provide him

2

certain records relating to the fire-captain promotional examination and again specified that his request was being made under the FOIA. In response to these two requests, the city provided relators with over 600 pages of the requested records.

**{¶ 7}** In October 2005, Carr requested the following records under R.C. 149.43, the Ohio Public Records Act:

**{¶ 8}** "1. The *names* and scores for the written exam.

**{¶ 9}** "2. The *names* and scores for each days [sic] oral exam.

**{¶ 10}** "3. The scoring sheets, with the scores, of each answer for every candidate on the oral exam.

**{¶ 11}** "4. Any other written or other types of information that the assessors made.

**{¶ 12}** "5. The name of every candidate and which assessor panel they saw on each day.

**{¶ 13}** "6. All documentation on the pilot testing.

**{¶ 14}** "7. All documentation on how the test weighting was done.

**{¶ 15}** "8. All documentation on the job analysis.

**{¶ 16}** "9. All documentation on the reliability statistics.

**{¶ 17}** "10. All documentation on the subject matter experts.

**{¶ 18}** "11. All documentation on the test validity.

**{¶ 19}** "12. All documentation on Cronbach Alpha.

**{¶ 20}** "13. All documentation on the final report including the confidential matter.

**{¶ 21}** "14. All data on the oral assessors.

**{¶ 22}** "15. All the [E]xcel files sent to the City of Akron reference [sic] the memo dated March 21 from Joe Hinish to Ruth Miller.

**{¶ 23}** "16. All information on the scoring templates reference [sic] the February 18 memo from Joe Hinish to Ruth Miller.

**{¶ 24}** "17. The name, address, phone number, their rank, and what fire department they are from for each of the assessors.

**{¶ 25}** "18. The non-Z scored oral tests [sic] results on every candidate (per my request by phone on 10/25/05)." (Emphasis sic.)

**{¶ 26}** The city did not provide relators with additional documents in response to Carr's third request, because it considered it to be a duplicative request.

Mandamus Case

**{¶ 27}** On January 26, 2006, Carr and Howe filed this action for a writ of mandamus to compel Akron to provide the records requested by Carr in May, September, and October 2005. According to Howe, he worked with Carr to obtain all the records related to the fire-captain promotional examination. The city filed an answer, and the parties stipulated that the city had provided additional documents in response to Carr's public-records requests, including raw scores on the oral and written portions of the fire-captain promotional examination, adverse-impact analyses, and "Fire-Captain Examination Project Schedule, and Supplies and Resources and Project Timeline." Firefighter names and Social Security numbers had been redacted by the city from the raw scores and the adverse-impact analyses.

**{¶ 28}** We granted an alternative writ, and the parties submitted evidence and briefs. 110 Ohio St.3d 1435, 2006-Ohio-3862, 852 N.E.2d 185. The Ohio Municipal League and the cities of Euclid, North Ridgeville, Dublin, Upper Arlington, Parma, and Lakewood filed an amicus curiae brief urging denial of the writ. Relators did not submit a timely reply brief. This cause is now before the court for our consideration of the merits.

Standard for Public-Records Mandamus Cases

**{¶ 29}** "Mandamus is the appropriate remedy to compel compliance with R.C. 149.43, Ohio's Public Records Act." *State ex rel. Physicians Commt. for*

4

*Responsible Medicine v. Ohio State Univ. Bd. of Trustees*, 108 Ohio St.3d 288, 2006-Ohio-903, 843 N.E.2d 174, ¶ 6; R.C. 149.43(C).   In assessing a public-records mandamus claim, "R.C. 149.43 is construed liberally in favor of broad access, and any doubt is resolved in favor of disclosure of public records." *State ex rel. Cincinnati Enquirer v. Hamilton Cty.* (1996), 75 Ohio St.3d 374, 376, 662 N.E.2d 334.

{¶ 30} Insofar as Akron asserts that some of the requested records fall within certain exceptions to disclosure under R.C. 149.43, "we strictly construe exceptions against the public-records custodian, and the custodian has the burden to establish the applicability of an exception." *State ex rel. Beacon Journal Publishing Co. v. Akron*, 104 Ohio St.3d 399, 2004-Ohio-6557, 819 N.E.2d 1087, ¶ 23.

### Howe's Mandamus Claim

{¶ 31} Howe requests a writ of mandamus to compel the release of the requested promotional-examination records.   But Howe never requested these records.   The three requests that are the basis of relators' mandamus claim were all made by Carr.   "R.C. 149.43(C) requires a prior request as a prerequisite to a mandamus action." *State ex rel. Taxpayers Coalition v. Lakewood* (1999), 86 Ohio St.3d 385, 390, 715 N.E.2d 179.   Therefore, because Howe never requested the records that are the subject of relators' mandamus claim, he is not entitled to the writ. *State ex rel. Hammons v. Chisholm*, 99 Ohio St.3d 405, 2003-Ohio-4125, 792 N.E.2d 1120, ¶ 15.

### Carr's Mandamus Claim: May and September 2005 Requests: FOIA

{¶ 32} Carr bases his claim for a writ of mandamus on his three requests for records relating to the fire-captain promotional examination, which Carr made in May, September, and October 2005.

{¶ 33} Regarding his requests in May and September 2005, however, Carr specified that these requests were made pursuant to the FOIA.  Carr's mandamus

claim based on these two requests lacks merit because the FOIA does not apply to nonfederal entities like Akron. Sections 551(1) and 552(f), Title 5, U.S.Code; *State ex rel. Cincinnati Enquirer v. Dupuis*, 98 Ohio St.3d 126, 2002-Ohio-7041, 781 N.E.2d 163, ¶ 32. Therefore, Carr's only potentially viable mandamus claim concerns his October 2005 records request, which was properly based on R.C. 149.43 rather than the FOIA.

The Effect of the Pending Civil Action on Carr's Mandamus Claim

{¶ 34} Carr and Howe are two of 29 plaintiffs in a civil case they filed against Akron in the Summit County Court of Common Pleas. *Howe v. Akron*, Summit C.P. case No. 2006-04-2310. The plaintiffs in that case allege that the promotional examinations for lieutenant and captain illegally discriminated against certain firefighters based on their age and race.

{¶ 35} The mere fact that Carr may be entitled to obtain the same records he requests by way of discovery in his pending civil discrimination case does not preclude his entitlement to a writ of mandamus to compel their disclosure under R.C. 149.43. We have specifically rejected applying to parties in civil cases our precedent limiting defendants to discovery in pending criminal cases as set forth in *State ex rel. Steckman v. Jackson* (1994), 70 Ohio St.3d 420, 639 N.E.2d 83. *Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, 821 N.E.2d 564, ¶ 11 ("That the public records [relator] seeks are potentially useful to him in a lawsuit is fortuitous, not illegal").

The City's Employment of an Independent Contractor

{¶ 36} "R.C. 149.43(C) permits a mandamus action against either 'a public office or the person responsible for the public record' to compel compliance with the Public Records Act." *State ex rel. Toledo Blade Co. v. Bur. of Workers' Comp.*, 106 Ohio St.3d 113, 2005-Ohio-6549, 832 N.E.2d 711, ¶ 20. "R.C. 149.43(C) manifests an intent to afford access to public records, even when a private entity is responsible for the records." *State ex rel. Mazzaro v. Ferguson*

(1990), 49 Ohio St.3d 37, 39, 550 N.E.2d 464. Therefore, "where (1) a private entity prepares records in order to carry out a public office's responsibilities, (2) the public office is able to monitor the private entity's performance, and (3) the public office has access to the records for this purpose, a relator in an R.C. 149.43(C) mandamus action is entitled to relief regardless of whether he also shows that the private entity is acting as the public office's agent." Id.; *State ex rel. Cincinnati Enquirer v. Krings* (2001), 93 Ohio St.3d 654, 657, 758 N.E.2d 1135.

{¶ 37} The mere fact that, under the contract, E.B. Jacobs is an independent contractor rather than an employee or agent of the city does not prevent the disclosure of the records under R.C. 149.43. See *State ex rel. Gannett Satellite Information Network v. Shirey* (1997), 78 Ohio St.3d 400, 403, 678 N.E.2d 557 ("even assuming that [relator] did not establish that [the private consultant] acted as the city's agent or that the relationship between the city and [the consultant] satisfied the tripartite test in [*Mazzaro*, 49 Ohio St.3d at 39, 550 N.E.2d 464], it is evident that * * * a public official contracted with a private entity for a public purpose: to assist in the filling of an important municipal position"). Under the contract, once E.B. Jacobs's duties regarding the promotional examinations ended, the city had possession of all of that company's records relating to the examinations. In fact, the city also had access to the records at any time during the performance of the contract. Therefore, the city has physical custody of the pertinent records and is the appropriate respondent in this case. Thus, we need not consider the city's contention that E.B. Jacobs is not a public office for purposes of R.C. 149.43.

The Contract Does Not Estop the City from

Claiming that Requested Records Are Exempt

{¶ 38} The city is not estopped from claiming that any of the requested records are exempt from disclosure under R.C. 149.43 because of the city's

contract with E.B. Jacobs. Section 5 of the contract specifies that "all data, documents and materials are subject to applicable public records law."

{¶ 39} The contractual language providing that the records "are subject to applicable public records law" does not mean that the city and E.B. Jacobs agree that *all* of the requested records *are public* and thus subject to disclosure. At best, this language means that these records are subject to disclosure only insofar as R.C. 149.43 is *applicable* to these records.

Names and Other Identifying Information of

Candidates, Assessors, and Subject-Matter Experts

{¶ 40} In his October 2005 request, Carr requested the names of all candidates for the fire-captain promotional examination, the names, ranks, addresses, and telephone numbers of the firefighters employed as assessors of the oral portion of the fire-captain promotional examination, and all documentation on the subject-matter experts—firefighters who assisted E.B. Jacobs in determining which tasks were important to the promotional ranks being tested. The city has not provided the names and certain other identifying information concerning the examination candidates, assessors, and subject-matter experts.

{¶ 41} The city's refusal to disclose these requested records is justified by R.C. 149.43(A)(1)(p), which excepts "[p]eace officer, firefighter, or EMT [emergency medical technician] residential and familial information" from the definition of "[p]ublic record." R.C. 149.43(A)(7)(b) defines "[p]eace officer, firefighter, or EMT residential and familial information" to include "[a]ny record that identifies a person's occupation as a peace officer, firefighter, or EMT."

{¶ 42} Construed in accordance with the rules of grammar and common usage, R.C. 149.43(A)(7)(b) manifestly includes the requested records, which identify the candidates, assessors, and subject-matter experts as firefighters. See *State ex rel. Plain Dealer Publishing Co. v. Cleveland*, 106 Ohio St.3d 70, 2005-Ohio-3807, 831 N.E.2d 987, ¶ 36 (R.C. 149.43(A)(7)(b) exception encompasses

police-officer photographs). Notably, reading R.C. 149.43(A)(7)(b) consistently with its plain language here does not affect the court's existing precedent regarding police, firefighter, and EMT records. Cf. id. at ¶ 55. That is, this case does not involve resumes and supporting materials submitted by applicants for public office or promotional and tenure records maintained by a state-supported university. Cf. *State ex rel. Plain Dealer Publishing Co. v. Cleveland* (1996), 75 Ohio St.3d 31, 661 N.E.2d 187 (writ of mandamus granted to compel disclosure of resumes of police-chief applicants because the disclosure would not violate either the constitutional right of privacy or the separation of powers); *State ex rel. James v. Ohio State Univ.* (1994), 70 Ohio St.3d 168, 637 N.E.2d 911 (writ of mandamus granted to compel disclosure of promotion and tenure records maintained by a state-supported university because these records are not confidential law-enforcement investigatory records and they do not infringe upon the university's constitutionally protected right to academic freedom).

{¶ 43} Thus, Carr is not entitled to these records, because they are excepted from disclosure under R.C. 149.43(A)(1)(p) and (A)(7)(b). In fact, when the city claimed this exception in its merit brief, Carr failed to file any reply brief to rebut the claim.

Remaining Records

{¶ 44} As for the other records requested by Carr, he is not entitled to the records to the extent that they have now been provided to him or they do not exist. *State ex rel. Warren v. Warner* (1999), 84 Ohio St.3d 432, 433, 704 N.E.2d 1228 (public-records mandamus claim was moot for records that had already been provided to relator); *Norris v. Budgake* (2000), 89 Ohio St.3d 208, 209, 729 N.E.2d 758 (public-records custodian had no duty to create new records to satisfy relator's request).

{¶ 45} The remaining requested records that have not been disclosed are exempt from disclosure as trade secrets. Trade secrets are exempt from disclosure

under the exemption of R.C. 149.43(A)(1)(v) for disclosures prohibited by state or federal law. *State ex rel. Besser v. Ohio State Univ.* (2000), 87 Ohio St.3d 535, 540, 721 N.E.2d 1044. R.C. 1333.61(D) defines "trade secret":

{¶ 46} " 'Trade secret' means any information, including the whole or any portion or phase of any scientific or technical information, design, process, procedure, formula, pattern, compilation, program, device, method, technique, or improvement, or any business information or plans, financial information, or listing of names, addresses, or telephone numbers, that satisfies both of the following:

{¶ 47} "(1) It derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use.

{¶ 48} "(2) It is the subject of efforts that are reasonable under the circumstances to maintain its secrecy."

{¶ 49} "An entity claiming trade secret status bears the burden to identify and demonstrate that the material is included in categories or protected information under the statute and additionally must take some active steps to maintain its secrecy." *State ex rel. Besser v. Ohio State Univ.* (2000), 89 Ohio St.3d 396, 400, 732 N.E.2d 373.

{¶ 50} The city has introduced sufficient evidence to establish that the remaining requested records constitute trade secrets, which are exempt from disclosure under R.C. 149.43. For example, Rick Jacobs, an industrial psychologist and president of E.B. Jacobs, stated in an affidavit submitted by the city:

{¶ 51} "11. Our continued success, the success of other organizations offering similar testing services, as well as the success of cities, counties, states and other governmental agencies that build and administer their own tests will be

severely compromised if the materials requested are made available to the general public. * * *

**{¶ 52}** "* * *

**{¶ 53}** "17.  Release of all the information requested by the Relators severely impacts EB Jacobs as a privately held business.  We have worked for more than 20 years on the development and refinement of our tools of job analysis, test construction and test administration.  Many of the tools are considered trade secrets and we do not want our competitors to have access to our work. * * *

**{¶ 54}** "18.  Our work products and processes are the result of EB Jacobs' research and application since 1982.  * * * The testing materials and processes described in this affidavit derive independent economic value from not being generally known to or readily ascertainable by other persons who can obtain economic value from its disclosure or use.  Without access to our testing processes and materials, a competitor would be required to expend a similar amount of time, effort and expense as that expended by EB Jacobs and described in this affidavit in order to duplicate the work of E.B. Jacobs in the development and delivery of safety force promotional exams."

**{¶ 55}** In addition, these records have not been "publicly released, published or patented."  E.B. Jacobs and the city implemented numerous security measures to prevent public disclosure of these records, including requiring personnel in test development to sign a confidentiality agreement, prohibiting candidates from removing or copying the contents of the examination, and storing the examinations in a locked and secure facility.

**{¶ 56}** Moreover, the assessors' personal notes are not public records. See *State ex rel. Cranford v. Cleveland*, 103 Ohio St.3d 196, 2004-Ohio-4884, 814 N.E.2d 1218, ¶ 21-22.

**{¶ 57}** Therefore, Carr is not entitled to disclosure of these records. Because of the applicability of the trade-secret exemption, we do not address the city's additional arguments that these records are also exempt from disclosure under federal copyright law and the state constitution. See *State ex rel. Asti v. Ohio Dept. of Youth Servs.*, 107 Ohio St.3d 262, 2005-Ohio-6432, 838 N.E.2d 658, ¶ 34 (no need to address relator-appellant's alternate argument because it was rendered moot by court's disposition of his initial claim); *Smith v. Leis*, 106 Ohio St.3d 309, 2005-Ohio-5125, 835 N.E.2d 5, ¶ 54 ("courts decide constitutional issues only when absolutely necessary").[1]

Conclusion

**{¶ 58}** Based on the foregoing, relators are not entitled to the requested extraordinary relief in mandamus to compel disclosure of the requested records relating to the fire-captain promotional examination administered by Akron. Therefore, we deny the writ. Relators are also not entitled to an award of attorney fees, because their mandamus claim lacks merit. *State ex rel. Musial v. N. Olmsted*, 106 Ohio St.3d 459, 2005-Ohio-5521, 835 N.E.2d 1243, ¶ 38.

Writ denied.

MOYER, C.J., RESNICK, LUNDBERG STRATTON, O'CONNOR and LANZINGER, JJ., concur.

PFEIFER, J., concurs in judgment only.

O'DONNELL, J., dissents and would dismiss the cause.

_____

Thompson & Bishop, Dennis R. Thompson, and Christy B. Bishop, for relators.

---

1. We deny the parties' requests for oral argument. The briefs are sufficient to resolve this case, and the constitutional issue raised by the city need not be addressed.

Keith McNamara; and Max Rothal, Akron Law Director, and Patricia Ambrose Rubright and Deborah M. Forfia, Assistant Directors of Law, for respondent.

Byron & Byron Co., L.P.A., Barry M. Byron, and Stephen L. Byron; and John Gotherman, urging denial of the writ for amici curiae the Ohio Municipal League and the cities of Euclid, North Ridgeville, Dublin, Upper Arlington, Parma, and Lakewood.

_____