[Cite as *Mohr v. Colerain Twp.*, 2019-Ohio-474.]

| | |
|---|---|
| KATHY J. MOHR | Case No. 2018-01032PQ |
| Requester | Judge Patrick M. McGrath |
| v. | <u>ENTRY MODIFYING AND</u> <u>ADOPTING RECOMMENDATION</u> <u>OF SPECIAL MASTER</u> |
| COLERAIN TOWNSHIP | |
| Respondent | |

{¶1} On November 28, 2018, a special master issued a report and recommendation (R&R) in this case arising under R.C. 2743.75. The special master recommended that the court deny requester Kathy J. Mohr's claims for production of records in this case because the requests were for either non-records, or for records that do not exist. (R&R at 9.) The special master further recommended the assessment of court costs against Mohr. (R&R at 9.)

{¶2} Neither Mohr nor respondent Colerain Township timely objected to the special master's R&R. According to R.C. 2743.75(F)(2), if neither party timely objects, this court is required to "promptly issue a final order adopting the report and recommendation, unless it determines that there is an error of law or other defect evident on the face of the report and recommendation."

{¶3} Upon review of the special master's R&R, the court finds that an error of law is evident on the face of the R&R because in the R&R the special master applied a clear-and-convincing standard of proof in determining that Colerain Township failed to prove certain exceptions. See, e.g., R&R at 7 (finding that Colerain Township "failed to prove by clear and convincing evidence that the information is part of a protected personal information system under the definition in R.C. 1347.01(F)"); *id.* at 8-9 (finding that Colerain Township "has not shown by clear and convincing evidence that the exception in R.C. 145.27(A)(2)(c) applies to Township information withheld in response to Mohr's first request"). In *State ex rel. Cincinnati Enquirer v. Jones-Kelley*, 118 Ohio

St.3d 81, 2008-Ohio-1770, 886 N.E.2d 206, the Ohio Supreme Court discussed the burden that applies to a public records custodian who contends that an exception applies, holding at paragraph two of the syllabus:

> Exceptions to disclosure under the Public Records Act, R.C. 149.43, are strictly construed against the public-records custodian, and the custodian has the burden to establish the applicability of an exception. A custodian does not meet this burden if it has not proven that the requested records fall squarely within the exception. (*State ex rel. Carr v. Akron*, 112 Ohio St.3d 351, 2006-Ohio-6714, 859 N.E.2d 948, ¶ 30, followed.)

A claim that an exception to disclosure under the Public Records Act applies essentially is a defense—a stated reason why a requester is not entitled to a requested document. *See* R.C. 149.43(A)(1)(a)-(ff) (establishing what does not constitute a public record under R.C. 149.43); *see also Ohio Valley Radiology Assocs. v. Ohio Valley Hosp. Assn.*, 28 Ohio St.3d 118, 122, 502 N.E.2d 599 (1986) ("the sole responsibility of a defendant who has effectively contested the claimant's allegations by pleading is to refute the claimant's case after the latter has established a prima facie case by proper evidence").  As explained by the Ohio Supreme Court, in the "ordinary civil case the degree of proof, or the quality of persuasion as some text-writers characterize it, is a mere preponderance of the evidence."  *Merrick v. Ditzler*, 91 Ohio St. 256, 260, 110 N.E. 493 (1915).  And, generally speaking, in civil cases a party who asserts an affirmative defense is required to establish the defense by a preponderance of the evidence.  *See, e.g., Cameron v. Univ. of Toledo*, 2018-Ohio-979, 98 N.E.3d 305, ¶ 18 (10th Dist.), discretionary appeal not allowed, 153 Ohio St.3d 1452, 2018-Ohio-3026, 103 N.E.3d 831.  It follows therefore that under R.C. 2743.75 a party who claims that an exception applies is required to prove that the requested records fall squarely within the exception by a preponderance of the evidence.

{¶4} In this instance the special master's application of the standard of proof is erroneous because the special master applied a clear-and-convincing standard of proof

to Colerain Township's claims of an exception, instead of determining whether the requested records fall squarely within an exception by a preponderance of the evidence.

{¶5} However, in this instance since the special master concluded that Mohr's requests were for either non-records, or for records that do not exist, the court determines that the special master's report and recommendation should be adopted, excepting the special master's application of a clear-and-convincing standard of proof relative to whether an exception should apply.  The court therefore modifies the special master's R&R of November 28, 2018, and the court adopts the R&R, as modified, including the findings of fact and conclusions of law contained therein.  Judgment is rendered in favor of Colerain Township.  Court costs are assessed against Mohr.  The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

PATRICK M. MCGRATH
Judge

**Filed January 9, 2019**
**Sent to S.C. Reporter 2/12/19**