[Cite as *Jones v. Dept. of Youth Serv.*, 2024-Ohio-815.]

**IN THE COURT OF CLAIMS OF OHIO**

| | |
|---|---|
| MARCUS JONES | Case No. 2023-00633PQ |
| Requester | Judge Lisa L. Sadler |
| v. | <u>DECISION AND ENTRY</u> |
| DEPARTMENT OF YOUTH SERVICES | |
| Respondent | |

{¶1} In this public-records case, Respondent objects, in part, to a Special Master's Report and Recommendation (R&R). Requester did not file objections or respond to Respondent's objection. The Court sustains Respondent's objection for reasons that follow.

## I. Background

{¶2} On September 26, 2023, Requester filed a public-records complaint in which Requester alleges:

> October 4th 2022 a request was made and October 28th 2022 a request was made. A response from Jacqulyn Doblinger was returned saying that she received the request but not one record was provided since I made the request.. I uploaded 16 emails in correspondence with emails asking for updates on the request, she responded to some emails but ignored the rest …. It's been 11 months and not one request was made and I have email asking for the request. There was also no denial email in regards to the records request.

(Complaint, Sept. 26, 2023.)

{¶3} The Court appointed a Special Master who did not refer the matter to mediation because he "[found] that, based on the length of time that Requester's public records request has been pending, and the additional time that mediation would involve,

mediation will not result in the expeditious resolution envisioned by R.C. 2743.75(A)." (Scheduling Order, Oct. 3, 2023.)  The Special Master did, however, establish deadlines for briefing and filing of evidence.  (Id.)

{¶4} On November 30, 2023, the Special Master issued a Report and Recommendation.  The Special Master recommends that (1) "Respondent be ordered to produce unredacted copies of pp. 779, 779 [sic], 784-786, 791-793, 858-860, and 864-866 of Exhibit 9 of *Respondent's Evidence*;" (2) "Requester recover his filing fee and costs;" (3) "Respondent bear the balance of the costs of this case;" and (4) "[a]ll other relief be denied."  (R&R, 8.)

{¶5} On December 15, 2023, Respondent, through counsel, filed a written objection to the Report and Recommendation.  According to a Certificate of Service accompanying the objection, Requester's counsel sent a copy of Respondent's objection to Requester by email and certified mail, return receipt requested.

## II.    Law and Analysis

{¶6} The General Assembly has created an alternative means to resolve public-records disputes through the enactment of R.C. 2743.75. *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.3d 337, 2020-Ohio-5371, 170 N.E.3d 768, ¶ 11. *See* R.C. 2743.75(A).  Under Ohio law a requester "must establish entitlement to relief in an action filed in the Court of Claims under R.C. 2743.75 by clear and convincing evidence." *Viola v. Cuyahoga Cty. Prosecutor's Office*, 8th Dist. Cuyahoga No. 110315, 2021-Ohio-4210, ¶ 16, citing *Hurt v. Liberty Twp.*, 2017-Ohio-7820, 97 N.E.3d 1153, ¶ 27-30 (5th Dist.).  *See Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.3d 337, 2020-Ohio-5371, 170 N.E.3d 768, ¶ 32.  It is a requester's burden to prove, by clear and convincing evidence, that the requested records  exist and are public records maintained by a respondent.  *See State ex rel. Cordell v. Paden*, 156 Ohio St.3d 394, 2019-Ohio-1216, 128 N.E.3d 179, ¶ 8.

{¶7} A public-records custodian has the burden to establish the applicability of an exception to disclosure of a public record.  *State ex rel. Cincinnati Enquirer v. Jones-Kelley*, 118 Ohio St.3d 81, 2008-Ohio-1770, 886 N.E.2d 206, paragraph two of the syllabus.  In *Jones-Kelley*, the Ohio Supreme Court held:

> Exceptions to disclosure under the Public Records Act, R.C. 149.43, are strictly construed against the public-records custodian, and the custodian has the burden to establish the applicability of an exception. A custodian does not meet this burden if it has not proven that the requested records fall squarely within the exception. (*State ex rel. Carr v. Akron*, 112 Ohio St.3d 351, 2006 Ohio 6714, 859 N.E.2d 948, P 30, followed.)

*Kelley* at paragraph two of the syllabus.

{¶8} Respondent objects to the recommendation to produce unredacted copies of any documents containing employee identification (ID) numbers on grounds that the employee identification numbers are "security records" subject to R.C. 149.433 (Objection, 1), and alternatively, on grounds that its employee ID numbers "should be withheld from public records under R.C. 1306.23." (Objection, 3.) Respondent's objection is accompanied by an affidavit of Kimberle Iquina, and employee of Respondent. Respondent asks that it "not be required to produce unredacted copies of pp. 784-786, 791-793, 858-860, and 864-866 of Exhibit 9 of *Respondent's Evidence*." (Objection, 4.)

{¶9} The Court will first consider Respondent's second argument, that the employee ID numbers should be withheld from the public under R.C. 1306.23. In an affidavit[1] accompanying Respondent's objection, Ms. Kimberle Iquina, who is employed by Respondent in the Division of Legal Services as a Program Administrator 2, avers, that (1), when she started her employment with the State of Ohio, she was assigned an employee identification number (Affidavit, ¶ 3), (2) her employee ID number is her username for many, if not all, the information technology hardware, software and applications that she uses on a daily basis as an employee of Respondent (Affidavit, ¶ 4), (3) her employee ID is her username to log on to her employer issued laptop and Respondent's virtual private network (VPN) when working remotely (Affidavit, ¶ 5), (4)

---

[1] Requester did not object to the submission of the affidavit or any other part of Respondent's objection.

she uses her username to log on to Respondent's secure wireless network when working in the office (*Id.*), (5) her employee ID is also her username for Respondent's Juvenile Justice Case Management System and OnBase (document management system), which contains confidential youth information and records protected by R.C. 5139.05(D) (*Id.*) and (6) her employee ID is also her username for myOhio.gov, which she uses to access her timesheet (Kronos), view her paycheck, update her personal information, and manage her benefits.  (Affidavit, ¶ 5.)

{¶10} R.C. 1306.23 provides:  "Records that would disclose or may lead to the disclosure of records or information that would jeopardize the state's continued use or security of any computer or telecommunications devices or services associated with electronic signatures, electronic records, or electronic transactions are not public records for purposes of [R.C. 149.43]."  Because the employee ID numbers are used as the employee's usernames as part of the security for Respondent's computer systems, the employee ID numbers are exempt from disclosure pursuant to R.C. 1306.23.  This is in accordance with Special Master's decision that "usernames are therefore exempted from public record status by R.C. 1306.23."[2]  (R&R, p. 6.)   Therefore, Respondent's objection is SUSTAINED.

{¶11} Because the Court has decided that the employee ID numbers are exempt from public records status under R.C. 1306.23, the Court need not consider whether the employee ID numbers are also exempt as security records pursuant to R.C. 149.433. *See City of Grove City v. Clark*, 10th Dist. Franklin No. 01AP-1369, 2002-Ohio-4549, ¶ 11 (actions or opinions are moot when they have become fictitious, colorable, hypothetical, academic or dead); *see also State ex rel. Karmasu v. Tate*, 83 Ohio App.3d 199, 205, 614 N.E.2d 827 (4th Dist.1992) citing *Coulverson v. Ohio Adult Parole Auth.*, 4th Dist. Ross No. 1790, at 4-5, 1992 WL 97805 (May 11, 1992) (a trial court "is not required to consider any legal theory, or argument, beyond that which will adequately dispose of the case at hand").  *Accord PDK Laboratories, Inc. v. United States Drug Enforcement Administration* (D.C.Cir.2004), 362 F.3d 786, 799, 360 U.S. App. D.C. 344 (Roberts, J.,

---

[2] It appears that Respondent did not inform the Special Master that its employees use their ID numbers as usernames for certain computer systems.

concurring in part and concurring in judgment) (expressing "the cardinal principle of judicial restraint," *i.e.*, "if it is not necessary to decide more, it is necessary not to decide more").

## III.    Conclusion

{¶12} The Court SUSTAINS Respondent's objection for the reasons set forth above.  The Court adopts, in part, and rejects, in part, the Special Master's Report and Recommendation.   Specifically, the Court does not adopt the Special Master's recommendation that unredacted copies of pp. 779, 784-786, 791-793, 858-860, and 864-866 of Exhibit 9 of *Respondent's Evidence* should be produced to Requester.  The Court ORDERS that (1) Respondent may redact employee ID numbers contained in pp. 779, 784-786, 791-793, 858-860, and 864-866 of Exhibit 9 of *Respondent's Evidence* in its production of records to Requester, (2) Respondent shall continue to produce the requested videos as expeditiously as possible,[3] (3) Requester is entitled to recover from Respondent the amount of the filing fee of twenty-five dollars and any other costs associated with the action that are incurred by the Requester, excepting attorney fees, and (4) court costs are assessed against Respondent.

{¶13} The Clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

LISA L. SADLER
Judge

**Filed February 8, 2024**
**Sent to S.C. Reporter 3/7/24**

---

[3] The Special Master noted that the production of the video records had not yet been completed at the time of the Report and Recommendation, but he did not order a timeline for the remainder of the video production.  (R&R, 1, 8.)  Nevertheless, the Special Master rejected Respondent's justifications for the delays in processing the video records (R&R, 7) and R.C. 149.43(B)(1) requires that records be made available within a reasonable period of time—which has already been exceeded.  No objections were filed regarding the production of the videos.