[Cite as *Webb v. Buckeye Schools*, 2024-Ohio-1267.]

**IN THE COURT OF CLAIMS OF OHIO**

| | |
|---|---|
| SEAN M. WEBB | Case No. 2023-00700PQ |
| Requester | Judge Lisa L. Sadler |
| v. | <u>DECISION AND ENTRY</u> |
| BUCKEYE SCHOOLS | |
| Respondent | |

{¶1} Before the Court in this public-records case are (1) Respondent's Objections To The Recommendations Of The Special Master and (2) Requester's Motion To Strike. The Court denies Respondent's Objections and denies Requester's Motion To Strike for reasons that follow.

### I. Background

{¶2} On November 9, 2023, Requester Sean M. Webb, a self-represented litigant, filed a Complaint, alleging a denial of access to public records in violation of R.C. 149.43(B). In the Complaint, Requester states: "November 6th, 2023 I requested all incoming and outgoing emails from two district employees from September 1 2023 through November 6th, 2023. The request was denied and argued that the request was to broad and extensive. I narrowed the request to a 10 day window and the request was ignored. When followed up legal representative advised that even if I was to ask for 1 day worth of emails it would still be denied." Requester's Complaint is accompanied by certain copies of emails between Requester and one of Respondent's counsel.

{¶3} The Clerk appointed a Special Master who referred the matter to mediation. After mediation failed to successfully resolve all disputed issues between the parties, the case was returned to the Special Master's docket. The Special Master issued an order establishing a schedule for the filing of evidence. Respondent filed its evidence and informed the Court: "Respondent has not filed, under seal for in camera review, unredacted copies of all records responsive to Requester's public records request that

Respondent contends are exempted from production by R.C. 149.43(A)(1)(v) or some other law, in accordance with paragraph B(1) of the Order, since Respondent has not yet claimed that any potentially responsive public records are so exempted." Respondent further informed the Court: "Respondent submits that Requester's public records request is an improper ambiguous and overly broad request for a complete duplication of voluminous emails kept by Respondent – the number of which has been determined by Respondent to be 17,494."

{¶4} On February 6, 2024, in a filing labeled Respondent's Combined Response and Motion To Dismiss, Respondent, through counsel, responded to Requester's Complaint and moved to dismiss the Complaint under R.C. 2743.75(E)(2) and Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted.

{¶5} Eleven days later—on February 27, 2024—the Special Master issued a Report and Recommendation (R&R). The Special Master states in the Report and Recommendation that Respondent's motion to dismiss should be denied because it relies on matters beyond the complaint. The Special Master recommends that "Respondent be ordered to produce all public records responsive to Requester's public records request," that "Requester recover his filing fee and costs," and that "Respondent bear the balance of the costs of this case." (R&R, 7.)

{¶6} On March 5, 2024, Respondent, through counsel, filed written objections to the Special Master's Report and Recommendation. Respondent's objections are accompanied by a Certificate of Service in which Requester's counsel certifies that a copy of Respondent's objections "has been filed with the Court and served electronically upon all parties via the Court's electronic filing system in accordance with Rule 5(B)(2)(f) of the Ohio Rules of Civil Procedure * * *."[1]

---

[1]    Pursuant to R.C. 2743.75(F)(2), either party "may object to the report and recommendation within seven business days after receiving the report and recommendation by filing a written objection with the clerk and sending a copy to the other party by certified mail, return receipt requested." Here, according to the Certificate of Service accompanying Respondent's objections, Respondent's objections were not sent to Requester by certified mail, return receipt requested, as required by R.C. 2743.75(F)(2).

On March 8, 2024 (after Respondent filed its objections), Respondent filed a document labeled "Respondent's Proof of Service." In this document, Respondent's counsel state:

Pursuant to Rule 5(B)(4) of the Ohio Rules of Civil Procedure, the undersigned hereby certifies that on March 7, 2024, a copy of Respondent's Objections to the Recommendations of the Special Master were

{¶7} The next day—March 6, 2024—Requester filed a written response to Respondent's objections and Requester moved to strike "any filing filed by the Respondent prior to March 6th, 2024 as being improperly served."

## II.     Law and Analysis

{¶8} The General Assembly has created an alternative means to resolve public-records disputes through the enactment of R.C. 2743.75. *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.3d 337, 2020-Ohio-5371, 170 N.E.3d 768, ¶ 11. *See* R.C. 2743.75(A).  Under Ohio law a requester "must establish entitlement to relief in an action filed in the Court of Claims under R.C. 2743.75 by clear and convincing evidence." *Viola v. Cuyahoga Cty. Prosecutor's Office*, 8th Dist. Cuyahoga No. 110315, 2021-Ohio-4210, ¶ 16, citing *Hurt v. Liberty Twp.*, 2017-Ohio-7820, 97 N.E.3d 1153, ¶ 27-30 (5th Dist.).  *See Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.3d 337, 2020-Ohio-5371, 170 N.E.3d 768, ¶ 32.  It is a requester's burden to prove, by clear and convincing evidence, that the requested records  exist and are public records maintained by a respondent.  *See State ex rel. Cordell v. Paden*, 156 Ohio St.3d 394, 2019-Ohio-1216, 128 N.E.3d 179, ¶ 8.

{¶9} A public-records custodian has the burden to establish the applicability of an exception to disclosure of a public record.  *State ex rel. Cincinnati Enquirer v. Jones-Kelley*, 118 Ohio St.3d 81, 2008-Ohio-1770, 886 N.E.2d 206, paragraph two of the syllabus.  In *Jones-Kelley*, the Ohio Supreme Court held:

> Exceptions to disclosure under the Public Records Act, R.C.
> 149.43, are strictly construed against the public-records
> custodian, and the custodian has the burden to establish the

---

served upon Requester via certified mail, return receipt requested (along with a copy of each of Respondent's prior filings in this case since, on March 6, 2024, Requester served the undersigned with his filing that claims he had not been served with any of Respondent's filings in this case). The undersigned hereby further certifies that on March 5, 2024, Respondent's Objections to the Recommendations of the Special Master were served upon Requester by sending the filing by electronic means to the e-mail address provided by Requester in accordance with Rule 5(B)(2)(f) of the Ohio Rules of Civil Procedure and by mailing it to Requester by United States mail in accordance with Rule 5(B)(2)(c) of the Ohio Rules of Civil Procedure.

applicability of an exception. A custodian does not meet this burden if it has not proven that the requested records fall squarely within the exception. (*State ex rel. Carr v. Akron,* 112 Ohio St.3d 351, 2006 Ohio 6714, 859 N.E.2d 948, P 30, followed.)

*Kelley* at paragraph two of the syllabus.

### III. Respondent presents two objections for determination.

{¶10} Pursuant to R.C. 2743.75(F)(2), any objection to a report and recommendation "shall be specific and state with particularity all grounds for the objection." Respondent asks the Court to reject the Report and Recommendation in its entirety. Respondent presents two objections for the Court's determination:

{¶11} "Objection 1: The Special Master misstates the scope of the request made and misapplies the nature of Respondent's objections."

{¶12} "Objection 2: The Special Master erred in recommending the release of records that the Public Records Act defines as not public records."

### A. Respondent's first objection is not well taken.

{¶13} In Respondent's first objection, Respondent maintains that the Special Master has misstated the scope of Requester's request and Respondent's objections thereto. The Court disagrees.

{¶14} Requester's Complaint is accompanied by copies of certain emails. Respondent's Evidence also contains copies of certain emails. A review of the emails discloses the following:

- An email dated November 6, 2023 10:29:14 AM from attorney Kathy Perrico of Weston Hurd LLP to Requester. Attorney Perrico states: "I represent the Buckeye Local School District Board of Education and ask that you direct all future communications relating to the threat of litigation to my attention. The underlying matter was concluded with the issuance of the Administrative Review disposition. No additional communications in relation thereto will be issued by the District."

- An email dated November 6, 2023 10:40:58 AM from Requester to attorney Perrico in which Requester asks for clarification and states, among other things, "lastly

Kathy are you saying the district has shared my minor child's records with you? If so any such consent claimed to allow such has been immediately revoked. And I demand any records of such be destroyed in your possession."

- An email dated November 6, 2023 11:18 AM from Requester to attorney Perrico. In the email, Requester states:

This email shall serve as an official public records request. I am making the following requests:

All inbound and outbound email from Jeff Stanton and Dawn Kochsnek email addresses. You can redact any email content that is of any other children.

I need every email from present, going back to September 1st of 2023.

Also you are put on notice to preserve any and all emails during that period of time for impending litigation purposes.

* * *

- An email dated November 6, 2023 3:10:50 PM from attorney Perrico to Requester in which attorney Perrico states: "The District objects to this request on the basis that it is overly broad unduly burdensome. * * * To the extent you may have intended only to request the emails of Mr. Stanton and Ms. Kochanek regarding you or your daughter, this would be a reasonably clear and narrow request. Please let us know."

- An email dated November 6, 2023 3:24 PM, from Requester to attorney Perrico in which Requester states:

Kathy,

Am I to assume you represent the municipality in all aspects? Because you have not defined your capacity still.

As for your relevant case law. I appreciate your effort here. However, I disagree with your interpretation. All of your examples reference to "all records" "voluminous records" and give examples of requests spanning years.

I didn't request "all the records" nor do I agree with the interpretation that less than 70 days of email from two parties is considered "voluminous".

if you want to play the game to claim it's to large than what time frame do you suggest? 7 days? 10 days? Do what ever time frame you feel comfortable with and I will just make multiple requests, which circumvents your argument

So send me all emails from September 1st through September 10th of these two individuals. When recieved I will make 6 additional requests one at a time to gain the records in full.

Furthermore you have not acknowledged my demand to preserve these records. So I will assume you are aware of such demand.

Moving forward my communication will be directed at the school since I have not received a letter of representation or clarification on your scope of representation. You are not the custodian of record so in all reality I have no reason to make such request to you.

If you continue to deny my request I will file a court of claims case to address this matter.

{¶15} This exchange of emails between Requester and attorney Perrico ostensibly was followed by a telephone conversation between Requester and attorney Perrico. In an email dated November 9, 2023, between Requester and attorney Perrico, Requester writes,

Hey Kathy,

Thanks for taking my call. per our conversation you seem to believe that any request for outbound/inbound emails even if narrowed down to a single day is overly broad. I acknowledge your response and we can argue this in the court of claims.

I have presented you with a demand to preserve such records for impending litigation. I have issued this demand via certified mail to your firm since you have failed to acknowledge it. I will send you a copy of the case intiated by court of claims by end of day tomm.

(Respondent's Evidence.) On November 9, 2023 2:27 PM Attorney Perrico responded by email to Requester as follows:

You are misrepresenting what I said and failing to acknowledge that a) this was not your request, b) you did not make a new request, and c) you have stated an intention to make serial requests that cumulatively will remain overly broad and unduly burdensome. Please make sure you send a file stamped copy.

(Respondent's Evidence.)    A few minutes later—November 9, 2023 2:35:16 PM—Requester responded by email:

i didn't misrepresent you. our call was recorded, you can hear it in our hearing. i asked you if I ask for all inbound and outbound emails from the super for a single day is that sufficient for you. you said it was still to overly broad. i disagree.

Furthermore i did make another request. I assume you took english in college right?" "So send me all emails from September 1st through September 10th of these two individuals." Looks like a request to me.

and now that i think of it since you have failed to issue a letter of representation or acknowledge me demand for preservation i don't feel obligated to extend any courtesy to you.  you can ask your client for a copy when they receive it.

Which by the way here is another public record request. My child was involved in a MVA while in care of the district last year. Provide copies of all accident and insurance information for everyone involved including the districts carrier. Along with the district employees that were involved in the matter as well. Got some more litigation to file on that topic as well.

{¶16} Regarding Requester's public-records request, the Special Master states in the Report and Recommendation: "Mr. Webb does not seek a complete duplication of any particular type of records. He instead seeks a subset of a subset of a subset of one type of record, emails to or from two specific employees, sent or received during a specific period, dealing with a specific topic (his daughter)." (R&R, 6.)  In the Court's view, the Special Master's interpretation of Requester's public-records request is consistent with the evidence, including the parties' disagreement about what was, and what was not,

stated in the telephone conversation between Requester and attorney Perrico on or about November 9, 2023.

{¶17} Respondent states in its objections: "Requester's expressed disdain about the fact that counsel may have been given access to his daughter's education records, sent in response to a notification of representation about a separate administrative review relating to his daughter is not reasonably construed as a context clue for his public records request. Requester, as master of his own Complaint, could have asserted that he narrowed his request independently or as offered by Respondent. He did not. The Special Master cannot amend Requester's Complaint by way of his Report." (Objections, 3, footnote 4.)

{¶18} While Requester, as "master of his own Complaint." could have stated his public-records request differently and, while the Special Master cannot amend Requester's Complaint by way of the Report and Recommendation, the Court disagrees with Respondent's suggestion that Requester's response may not be "reasonably construed as a context clue for his public records request." Rather, (1) the context clue about an administrative review relating to Requester's minor daughter, (2) Requester's instruction stating, "You can redact any email content that is of any other children," and (3) Requester's request for "[a]ll inbound and outbound email from Jeff Stanton and Dawn Kochsnek email addresses. * * *. I need every email from present, going back to September 1st of 2023" provided parameters for Respondent to identify responsive records to Requester's public-records request. As the Special Master stated, "[Requester] identified the subject matter, the dispute regarding his daughter, by expressly disclaiming interest in records pertaining to other subjects. He identified the relevant officials, Mr. Stanton and Ms. Kochsnek. He identified the relevant time period, that between September 1, 2023, and his November 6, 2023, request." (R&R, 3.)

{¶19} Moreover, in a telephone conversation following Requester's and attorney Perrico's email exchanges, there ostensibly existed an opportunity for Respondent, through its counsel, to clarify Requester's public-records request. *See* R.C. 149.43(B)(2).[2]

---

[2]      Pursuant to R.C. 149.43(B)(2), if a requester "makes an ambiguous or overly broad request or has difficulty in making a request for copies or inspection of public records under this section such that the

{¶20} The Court finds Respondent's contention that the Special Master misstated the scope of Requester's request and Respondent's objections thereto is not persuasive. Respondent's first objection is not well taken.

**B. Respondent's second objection is not well taken.**

{¶21} In Respondent's second objection, Respondent maintains that the Special Master erred in recommending the release of records that the Ohio Public Records Act defines as not public records. *See* R.C. 149.43(A)(1)(v) ("'[p]ublic record' does not mean any of the following: * * * Records the release of which is prohibited by state or federal law"). Respondent urges that release of personally identifiable student information without the consent of the student's parent is prohibited under federal law, *see* 20 USC 1232g, and state law, see R.C. 3319.321(B).

Respondent states:

> While Requester could potentially be entitled to emails containing personally identifiable information of his daughter (by following the proper procedures for obtaining records containing his daughter's personally identifiable information), such documents are clearly not public records in the first instance, and thus, beyond the purview of this Court's jurisdiction. * * * Accordingly, the proper forum for Requester to obtain records concerning the personally identifiable information of his daughter is not by improperly attempting to invoke the jurisdiction of this Court – which has

---

public office or the person responsible for the requested public record cannot reasonably identify what public records are being requested, the public office or the person responsible for the requested public record may deny the request but shall provide the requester with an opportunity to revise the request by informing the requester of the manner in which records are maintained by the public office and accessed in the ordinary course of the public office's or person's duties."

Notably, the Ohio Supreme Court has instructed,

Although [relator] bore the responsibility of identifying with reasonable clarity the records at issue, we have "never held that in order to constitute a viable request, the requester must specify the author and date of the records requested," nor have we "require[d] perfection in public-records requests." *State ex rel. Morgan v. New Lexington*, 112 Ohio St.3d 33, 2006-Ohio-6365, 857 N.E.2d 1208, ¶ 29, 37.

*State ex rel. Horton v. Kilbane*, 167 Ohio St.3d 413, 2022-Ohio-205, 194 N.E.3d 288, ¶ 19.

jurisdiction over disputes concerning public records requests (and not personally identifiable student information).

**{¶22}** Respondent's contention that this Court lacks jurisdiction in this matter is unavailing.  The General Assembly has conferred statutory jurisdiction upon this Court to resolve disputes alleging a denial of access to public records in violation of the Ohio Public Records Act.  *See* R.C. 2743.75.  Under R.C. 2743.75(A)(1), except for a court that hears a mandamus action pursuant to R.C. 149.43, the Court of Claims is the sole and exclusive authority in this state that adjudicates or resolves complaints based on alleged violations of R.C. 149.43.  *See* R.C. 2743.75(A)(1).  And pursuant to R.C. 2743.03(A)(3)(b), the Court of Claims has exclusive, original jurisdiction under R.C. 2743.75 to hear complaints alleging a denial of access to public records in violation of R.C. 149.43(B) regardless of whether the public office or person responsible for public records is an office or employee of the state or of a political subdivision.  *See* R.C. 2743.03(A)(3)(b).  *See generally Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.3d 337, 2020-Ohio-5371, 170 N.E.3d 768, ¶ 11.

**{¶23}** In this instance, Requester has brought a Complaint alleging a denial of access to public records in violation of R.C. 149.43(B), thereby invoking this Court's statutory jurisdiction under R.C. 2743.75(A)(1) and 2743.03(A)(3)(b).  And, in an exercise of this statutory jurisdiction, the Court concludes that a reasonable interpretation of the evidence indicates that Requester seeks emails concerning his minor daughter from certain employees of Respondent (i.e., Jeff Stanton and Dawn Kochsnek) for the period of September 1, 2023, to November 6, 2023.

**{¶24}** Respondent's contention that Requester seeks public records concerning other students is rebutted by Requester's statement that "You can redact any email content that is of any other children." (email dated November 6, 2023 11:18 AM from Requester to attorney Perrico).

**{¶25}** The Court finds that Requester's second objection is not well taken.

### C. Requester's Motion To Strike is not well taken.

**{¶26}** Requester moves to strike any filing filed by the Respondent before March 6, 2024, as being improperly served.  Requester states: "Opposing counsel has not properly served any filing upon Webb in this matter and until March 5th, 2024, Webb was

not registered for E-file Service, so in the event counsel claimed any served was affected by E-filing is false and therefore any filing she has submitted she be stricken from the record."

{¶27} Respondent opposes Requester's Motion To Strike. Respondent urges Requester's Motion contains only one accurate statement, that Requester failed to accept a responsibility to check the case's docket and to keep himself informed of the case's progress, and that Requester's Motion is prohibited because the Special Master did not allow for further motions or pleadings beyond those permitted through January 5, 2024.

{¶28} According to Court records, a copy of Respondent's Evidence filed on January 23, 2024, was not served on Requester by means of the Court's electronic filing system, despite Respondent's counsel's certification in an accompanying Certificate of Service that a copy of this filing was "served electronically upon all parties via the Court's electronic filing system." And, according to Court records, Requester was not served by means of the Court's electronic filing system with a copy of Respondent's Combined Response And Motion To Dismiss (which was filed on February 6, 2024), despite Respondent's counsel's certification in an accompanying Certificate of Service that a copy of this filing was "served electronically upon all parties via the Court's electronic filing system."

{¶29} However, in this instance, since the Special Master essentially has recommended rulings in Requester's favor and since, as discussed above, Respondent's objections are to be overruled, Requester has not been prejudiced by Respondent's failure to serve copies of Respondent's Evidence and Respondent's Combined Response And Motion to Dismiss before the Special Master issued the Report and Recommendation. The Court finds Requester's Motion To Strike is not well taken. *See* Civ.R. 61 (harmless error) ("[t]he court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties").

## IV.    Conclusion

{¶30} For reasons set forth above, the Court OVERRULES Respondent's Objections To The Recommendations Of The Special Master filed on March 5, 2024, DENIES Respondent's Motion To Dismiss filed on February 6, 2024, and DENIES

Requester's Motion To Strike filed on March 6, 2024 (which Requester has labeled "Requester Response To Respondents Objection"). The Court adopts the Special Master's Report and Recommendation.

{¶31} In accordance with the Special Master's recommendations, the Court ORDERS Respondent to produce all public records responsive to Requester's public-records request. Requester is entitled to recover from Respondent the amount of the filing fee of twenty-five dollars and any other costs associated with the action that are incurred by the Requester, excepting attorney fees. Court costs are assessed to Respondent. The Clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

LISA L. SADLER
Judge

**Filed March 14, 2024**
**Sent to S.C. Reporter 4/4/24**