[Cite as *Hicks v. Clermont Cty. Sheriff's Office*, 2024-Ohio-3379.]

# IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| CHRISTOPHER R. HICKS | Case No. 2024-00345PQ |
| Requester | Judge Lisa L. Sadler |
| v. | DECISION AND ENTRY |
| CLERMONT COUNTY SHERIFF'S OFFICE | |
| Respondent | |

{¶1} In this public-records case, Requester, a self-represented litigant, has filed written Objections to a Special Master's Report and Recommendation. The Court overrules Requester's Objections and adopts the Report and Recommendation.

## I. Background

{¶2} On April 12, 2024, Requester filed a public-records complaint under R.C. 2743.75(D). The Clerk appointed a Special Master who referred the case to mediation. After mediation failed to fully resolve all the disputed issues between the parties, the case was returned to the Special Master's docket. On June 5, 2024, Respondent moved for an order directing Requester to show cause why he should not be held in contempt of court for having recorded the parties' mediation. Eight days later—on June 13, 2024—Respondent withdrew its show-cause motion.

{¶3} The Special Master recused himself and the Clerk appointed another Special Master. Respondent moved to dismiss Requester's Complaint as moot. On July 15, 2024, the Special Master issued a Report and Recommendation (R&R). In the Report and Recommendation the Special Master finds that mootness is not conclusively shown on the face of the complaint and recommends denial of Respondent's Motion To Dismiss. (R&R, 2-3.) The Special Master states in the Report and Recommendation's conclusion:

Upon consideration of the pleadings, attachments, and responsive records filed under seal, I recommend that the court issue an order granting

the claim for production of records as detailed above. I recommend that the court find that respondent may redact exempt items from records as provided in this report. I recommend that respondent release unredacted records as outlined above. I recommend that requester is entitled to recover from respondent the costs associated with this action, including the twenty-five dollar filing fee. R.C. 2743.75(F)(3)(b).

(R&6, 7.)

{¶4} Respondent has not filed written objections to the Special Master's Report and Recommendation.

On July 22, 2024, Requester filed written objections to the Special Master's Report and Recommendation.[1]   Respondent has not filed a timely response to Requester's written objections.   However, on July 23, 2024, in a document labeled Notice of Production of Unredacted Spreadsheet, Respondent notified the Court that it has produced an unredacted copy of a spreadsheet to Requestor as set forth in the Special Master's Report and Recommendation.   Requester has not filed a response to Respondent's Notice of Production of Unredacted Spreadsheet.

## II.    Law and Analysis

---

[1]    Requester certifies that he served a copy of his Objections by "electronic mail." R.C. 2743.75(F)(2) does not authorize service of objections by electronic mail.  *See* R.C. 2743.75(F)(2) ("[e]ither party may object to the report and recommendation within seven business days after receiving the report and recommendation by filing a written objection with the clerk and sending a copy to the other party by certified mail, return receipt requested").  Requester's Objections are therefore procedurally defective.

Notably, the Tenth District Court of Appeals has stated:

Although a pro se litigant cannot expect special treatment from the courts and must be held to the same standards as litigants represented by counsel, *C.W. v. J.S.*, 10th Dist. No. 21AP-284, 2022-Ohio-1951, ¶ 36, we are mindful that "Ohio jurisprudence favors deciding cases on their merits rather than on procedural grounds whenever possible." *Nat'l City Bank v. Kessler*, 10th Dist. No. 03AP-312, 2003-Ohio-6938, ¶ 13. Thus, to accommodate a party proceeding pro se, Ohio courts tasked with balancing these competing interests may permit a certain amount of latitude towards pro se litigants without disregarding the rules. *Goodrich v. Ohio Unemp. Comp. Rev. Comm.*, 10th Dist. No. 11AP-473, 2012-Ohio-467, ¶ 25.

*C.T. v. N.Y.*, 2023-Ohio-3029, ¶ 19 (10th Dist.).  In the interest of justice, and absent any objection by Respondent, the Court will consider Requester's procedurally defective written objections.

{¶5} The General Assembly has created an alternative means to resolve public-records disputes through the enactment of R.C. 2743.75. *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 2020-Ohio-5371, ¶ 11. *See* R.C. 2743.75(A). Under Ohio law a requester "must establish entitlement to relief in an action filed in the Court of Claims under R.C. 2743.75 by clear and convincing evidence." *Viola v. Cuyahoga Cty. Prosecutor's Office*, 2021-Ohio-4210, ¶ 16 (8th Dist.), citing *Hurt v. Liberty Twp.*, 2017-Ohio-7820, ¶ 27-30 (5th Dist.). *See Welsh-Huggins* at ¶ 32. Clear and convincing evidence "is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus. It is a requester's burden to prove, by clear and convincing evidence, that the requested records exist and are public records maintained by a respondent. *See State ex rel. Cordell v. Paden*, 2019-Ohio-1216, ¶ 8.

{¶6} A public-records custodian has the burden to establish the applicability of an exception to disclosure of a public record. *State ex rel. Cincinnati Enquirer v. Jones-Kelley*, 2008-Ohio-1770, paragraph two of the syllabus. In *Jones-Kelley* the Ohio Supreme Court held:

> Exceptions to disclosure under the Public Records Act, R.C. 149.43, are strictly construed against the public-records custodian, and the custodian has the burden to establish the applicability of an exception. A custodian does not meet this burden if it has not proven that the requested records fall squarely within the exception. (*State ex rel. Carr v. Akron,* 112 Ohio St.3d 351, 2006 Ohio 6714, 859 N.E.2d 948, P 30, followed.)

*Kelley* at paragraph two of the syllabus.

**{¶7}** R.C. 2743.75(F)(2) permits either party to file written objections to a report and recommendation and permits the non-objecting party to file a written response.[2] Under R.C. 2743.75(F)(2) any objection to a report and recommendation "shall be specific and state with particularity all grounds for the objection."

**{¶8}** Requester presents his Objections in a narrative format. Requester asserts that the Report and Recommendation "demonstrates that [this Court] has lost its way." Requester states:

**{¶9}** If [the Special Master] had a passion for public records, his Report and Recommendation would have done two simple things:

1. Opined on what had been proper and improper about the original, March 12, 2024, production (3 out of over 50 items and with 99% fully redacted pages).

2. Opined on what was proper and improper about the later, June 18 and 25, 2024, production (of over 50 items, still with redaction).

(Objections 3-4.)

**{¶10}** R.C. 2743.75(F)(1) requires a special master to submit to this Court a report and recommendation "based on the ordinary application of statutory law and case law as they existed at the time of the filing of the complaint." Despite Requester's criticisms, the Special Master has provided the Court with a Report and Recommendation that is based on the ordinary application of statutory law and case law as they existed at the time that Requester filed his Complaint, as required by R.C. 2743.75(F)(1).

**{¶11}** Requester objects to the Special Master's Report and Recommendation for its purported "overall vagueness." However, in the Court's view, the Report and Recommendation, as drafted, does not require a person of common intelligence to guess about its meaning and application. *Compare Glass v. Franklin Cty. Dept. of Animal Care*

---

[2] Pursuant to R.C. 2743.75(F)(2), "[e]ither party may object to the report and recommendation within seven business days after receiving the report and recommendation by filing a written objection with the clerk and sending a copy to the other party by certified mail, return receipt requested. … If either party timely objects, the other party may file with the clerk a response within seven business days after receiving the objection and send a copy of the response to the objecting party by certified mail, return receipt requested."

*& Control*, 2023-Ohio-4804, ¶ 19 (10th Dist.), fn. 1 (a penal statute is unconstitutionally vague if it forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess as to its meaning and differ as to its application).

{¶12} Requester urges, "The Report and Recommendation should be re-done and give this case the respect it deserves. That should happen after the Respondent produces a full and complete set of records, with an Index, as ordered by the Court, that is accurate, thorough, and complete." (Objections at 13.) The Court disagrees that the Special Master failed to give due respect to the case or that the Report and Recommendation should be redone.

{¶13} Accordingly, upon careful and independent consideration, the Court holds that Requester's Objections should be overruled.

## III.    Conclusion

{¶14} For reasons set forth above, the Court overrules Requester's Objections and adopts the Special Master's Report and Recommendation. In accordance with the Special Master's recommendations, the Court ORDERS the following: (1) Respondent's Motion To Dismiss filed on July 1, 2024, is denied; (2) the claim for production of records as detailed in the Report and Recommendation is granted, (3) Respondent may redact exempt items from records as provided in the Report and Recommendation, (4) Respondent shall release unredacted records as outlined in the Report and Recommendation. Given Respondent's Notice of Production of Unredacted Spreadsheet filed on July 23, 2024, and Requester's lack of response to Respondent's Notice of Production of Unredacted Spreadsheet, it appears that Respondent has complied with the Court 's order to release unredacted records as outlined in the Report and Recommendation.

{¶15} In accordance with the Special Master's recommendation, the Court further ORDERS that Requester is entitled to recover from Respondent the amount of the filing fee of twenty-five dollars and any other costs associated with the action that are incurred by Requester, excepting attorney fees. Court costs are assessed against Respondent. The Clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
LISA L. SADLER
Judge

**Filed August 13, 2024**
  **Sent to S.C. Reporter 9/3/24**