The City Loan & Savings Co., Appellant, *v.* Morrow, d. b. a. Morrow Furniture Co., Appellee.

(No. 293—Decided May 26, 1954.)

*Messrs. Meredith & Meredith* and *Mr. E. C. Motter*, for plaintiff.
*Mr. Frederick L. Newdick*, for defendant.

COLLIER, J. The parties appear in this court in the same position as in the trial court and will be referred to as the plaintiff and the defendant. This is an action in conversion in which the plaintiff alleged that the defendant converted a Frigidaire electric refrigerator, a coal range, and a Dexter electric washer. At the trial on the merits held on July 21, 1953, the plaintiff introduced its evidence and rested its case. Thereupon, the defendant moved to dismiss the petition on the ground of the insufficiency of plaintiff's evidence. Defendant's motion was sustained and plaintiff's petition was dismissed, from which judgment the plaintiff appeals to this court on questions of law.

The evidence introduced by the plaintiff establishes that on August 8, 1949, Edward Coffey and Flora Coffey, husband and wife, residents of Vinton County, obtained from the plaintiff a loan of $560; that this loan was evidenced by a promissory note secured by a chat-

tel mortgage conveying certain chattel property, including the articles above mentioned and alleged to have been converted by the defendant; that, prior to the execution of such mortgage, these articles of furniture had been purchased by Edward and Flora Coffey from the defendant; that the Coffeys had executed a chattel mortgage to the defendant to secure the purchase price thereof; that the defendant did not file such chattel mortgage; that the defendant repossessed the articles complained of, by virtue of the unfiled chattel mortgage; that he did not make any search of the chattel mortgage records in the recorder's office of Vinton County, Ohio, prior to the taking of the property; that, after taking possession of such articles, he resold them to another purchaser; that the plaintiff filed an instrument, purporting to be a copy of the mortgage executed by the Coffeys to secure the loan made by the plaintiff to the Coffeys, in the office of the County Recorder of Vinton County; that the original mortgage was introduced in evidence as plaintiff's exhibit No. 2; and that the purported copy of the mortgage was introduced in evidence as plaintiff's exhibit No. 8. The evidence shows further that neither the loan nor the purchase price was paid by the Coffeys.

The defendant contends that the purported copy of the mortgage filed by the plaintiff with the county recorder is insufficient to give constructive notice for the reason that it is not a true copy in two respects, first, that on the original mortgage, exhibit No. 2, the signatures of Edward and Flora Coffey are written signatures with the names typed directly under the signatures, while on the purported copy of the mortgage the names are simply typed and, second, that the copy of the mortgage which was filed with the county recorder contains an affidavit on the back thereof, by an agent of the plaintiff, to the effect that the claim secured by

the mortgage is just .and unpaid, that the mortgage was given to secure the same, and that the original mortgage contains no such affidavit. The defendant claims that by reason of these differences in the original mortgage and the purported copy the plaintiff has not complied with the requirements of the statutes regulating the filing of chattel mortgages and, therefore, that plaintiff has no valid lien on the personal property described in the petition and alleged to have been converted by the defendant.

The statutes referred to are Sections 8560 to 8564, inclusive, General Code. (Sections 1319.01 to 1319.04, Revised Code.)

Section 8560, General Code (Section 1319.01, Revised Code), reads as follows:

"A mortgage, or conveyance intended to operate as a mortgage, of goods and chattels, which is not accompanied by an immediate delivery, and followed by an actual and continued change of possession of the things mortgaged, shall be absolutely void as against the creditors of the mortgagor, subsequent purchasers, and mortgagees in good faith, *unless the mortgage, or a true copy thereof*, be forthwith deposited as directed in the next succeeding section." (Emphasis added.)

The next succeeding section, Section 8561, General Code (Section 1319.02, Revised Code), provides that the instruments mentioned in Section 8560, General Code (Section 1319.01, Revised Code), must be deposited with the county recorder of the county wherein the mortgagor resides at the time of the execution thereof, etc. Section 8562, General Code (Section 1319.02, Revised Code), provides that the county recorder shall file and index the instruments. Section 8564, General Code (Section 1319.04, Revised Code), as far as pertinent, reads as follows:

"The mortgagee, his agent, or attorney, *before the instrument is deposited for filing or recording,* shall

furnish therewith a sworn statement placed thereon or attached thereto setting forth the amount of the claim and that it is just and unpaid, if given to secure the payment of a sum of money only." (Emphasis added.)

The defendant's first contention is that the purported copy of the mortgage that was filed by the plaintiff is not a true copy in that the names of the mortgagors are simply typed on the copy. It will be observed that, under the provisions of Section 8560, General Code (Section 1319.01, Revised Code), in order to have a valid lien, the mortgagee must deposit with the county recorder "the mortgage, or a true copy thereof." The defendant contends that where the mortgagee chooses to file a true copy of the mortgage, the copy must be identical in every detail with the original mortgage even to the signatures of the mortgagors and that typing their names on the copy is not sufficient. In other words, the defendant claims that the copy must be a duplicate in order to be a true copy. We do not believe the law requires such exactness. Had the Legislature intended to require a duplicate, language to that effect would have been employed in the statute. There is a distinction between a "copy" and a "duplicate." The two words are not synonomous.

It has been held in *Towner* v. *Hiawatha Goldmining & Milling Co.,* 30 Ont. Rep., 547:

"It [duplicate] is perhaps a more exacting word than 'copy,' or even than the term 'true copy,' for in these there may be more or less variation from the original."

For further annotations on the distinction between "copy" and "duplicate" see 24 A. L. R., 1209. A duplicate means the double of anything; an original repeated; a document the same as another. A true copy, on the other hand, may be more or less a variation from the original. In the case of *Harrington* v.

*Interstate Securities Co.* (Mo.), 57 S. W. (2d), 438, it is stated in the fourth headnote:

"Carbon copy of chattel mortgage, exact duplicate of original except that maker's signature was omitted, *held* 'true copy' within filing statute, and not misleading to other mortgagee knowing facts of transaction."

See, also, 42A, "Words and Phrases," 260.

Section 8560, General Code (Section 1319.01, Revised Code), authorizes the filing of the original mortgage or a true copy thereof, but does not require the copy to be a duplicate, and when the copy which is filed with the county recorder contains the typed names of the mortgagors, in our opinion, the requirements of the statute in this respect have been complied with and we find no irregularity of sufficient consequence to invalidate the chattel mortgage for this reason.

The second reason urged by the defendant to establish the invalidity of the mortgage as a lien is that the original mortgage does not comply with the requirement of Section 8564, General Code (Section 1319.04, Revised Code), in that there is no statement under oath therein as required by the statute. This section provides that the mortgagee, his agent or attorney, before the instrument is filed, must state thereon under oath the amount of the claim and that it is just and unpaid.

The evidence shows that the original mortgage was kept in the possession of the mortgagee and the copy thereof deposited with the county recorder. Is it necessary, as urged by the defendant, that the original mortgage, which was not filed but kept in the possession of the mortgagee, must have placed thereon the the oath that the claim is just and unpaid or is it sufficient that the copy which was deposited with the county recorder contain such oath?

These statutes, Sections 8560 to 8564, inclusive, General Code (Sections 1319.01 to 1319.04, Revised Code), must be read and construed *in pari materia.* The sense

in which particular words, or clauses, are used is to be ascertained from a view of the whole statute or the entire act, rather than from isolated passages. 37 Ohio Jurisprudence, 609, Section 334.

Section 8560, General Code (Section 1319.01, Revised Code), provides that *unless the mortgage, or a true copy thereof,* be deposited with the county recorder of the county wherein the mortgagor resides at the time of the execution of the mortgage it shall be void, and Section 8564, General Code (Section 1319.04, Revised Code), provides that *"before the instrument is filed"* the mortgagee, his agent, or attorney must state thereon under oath the amount of the claim, and that it is just, and unpaid. The word, "instrument," used in Section 8564, General Code (Section 1319.04, Revised Code), refers to "mortgage, or true copy thereof" used in Section 8560, General Code (Section 1319.01, Revised Code). Either the mortgage or a true copy thereof must be deposited and only the instrument that is filed must contain the oath that the claim is just and unpaid.

In construing a statute we should always keep in mind the purpose of its enactment and the mischief which it seeks to avoid. The primary purpose of the recording statutes is to give notice of the mortgage to the persons of the class mentioned therein and to prevent fraud and deception by protecting them from the effects of secret liens and from losses which they might otherwise sustain by relying upon the possession and apparent ownership of the chattels in the mortgagor. 10 American Jurisprudence, 770, Chattel Mortgages, Section 82. It is a maxim that the law never requires the doing of an idle, useless or purposeless thing. What purpose would it serve for the plaintiff to place the affidavit on the original mortgage which he retains in his own files? We are unable to see any purpose for so doing. Only the instrument, whether it be the original

or the copy which is deposited with the county recorder must contain such an oath or affidavit thereon in order to meet the requirements of the statute.

For the reasons above stated, the trial court erred in sustaining defendant's motion to dismiss plaintiff's petition for these two alleged irregularities in the filing or depositing of the chattel mortgage and, therefore, the judgment must be and is, hereby, reversed, and the cause is remanded to the Court of Common Pleas of Vinton County for further proceedings according to law.

*Judgment reversed.*

GILLEN, P. J., and McCURDY, J., concur.