[Cite as *Gantler v. Trumbull Cty. Aud.*, 2024-Ohio-5311.]

**IN THE COURT OF CLAIMS OF OHIO**

| | |
|---|---|
| LEONARD THOMAS GANTLER | Case No. 2024-00596PQ |
| Requester | Special Master Todd Marti |
| v. | <u>REPORT AND RECOMMENDATION</u> |
| TRUMBULL COUNTY AUDITOR | |
| Respondent | |

{**¶1**} This case is before me for a R.C. 2743.75(F) report and recommendation. I recommend that the court enter judgment for the respondent and that requester bear the costs of this case.

## I.  Background.

{**¶2**} Requester Thomas Gantler disputed the valuation of his property before the Trumbull County Board of Revision ("the Board"). A hearing was held and videotaped. Mr. Gantler made a public records request to the respondent Trumbull County Auditor ("Auditor") for the minutes of the Board's proceedings. He requested that the minutes be produced in either paper or PDF form. The Auditor responded that no minutes were prepared as the Board simply videotaped the proceedings. It instead provided Mr. Gantler with a link to download the video. *Complain*t, filed July 29, 2024, pp. 2, 3-4; *PQ Miscellaneous*, filed September 17, 2024 ("*Requester's Evidence*"), pp. 6, 7-8, 9, 10-13; *PQ Miscellaneous*, filed September 25, 2024 ("*Respondent's Evidence*"), pp. 4-6, 7, 8.[1]

{**¶3**} Mr. Gantler rejected that and filed this case, seeking to compel the Auditor to provide a paper copy of the video in the form of a transcription. Mediation did not resolve the case, and a schedule was set for the parties to file evidence and memoranda

---

[1] All references to specific pages of filings in this case are to the pages of the PDF copies posted on the court's docket.

supporting their positions. Those filings have been made, and the case is ripe for decision. *Complaint*, p. 1; *Requester's Evidence*, p. 4; *Order Terminating Mediation*, entered September 11, 2024.

## II. Analysis.

### A. Respondent's motion to dismiss should be denied.

{¶4} The Auditor moves to dismiss this case pursuant to Civ. R. 12(B)(6), arguing that it has produced all records responsive to Mr. Gantler's request. That motion should be denied because it relies on evidentiary matters beyond the complaint. See *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548 (1992).

### B. R.C. 149.43 does not require respondent to create minutes of the Board of Revision's proceedings.

{¶5} R.C. 149.43(B) does not require a public office to create records responsive to a public records request if those records do not exist. *State ex rel. Lanham v. Smith*, 2007-Ohio-609, ¶ 11. The evidence establishes that no minutes of the Board's proceedings were created. *Requester's Evidence*, pp. 7-8; *Respondent's Evidence*, pp. 5-6. R.C. 149.43 therefore does not compel the Auditor to create minutes to satisfy Mr. Gantler's request.

{¶6} That is not changed by Mr. Gantler's argument that R.C. 5715.08 and R.C. 5715.09 required the Auditor to keep minutes of the Board's proceedings. That duty cannot be enforced here. The Court of Claims has no jurisdiction over county officials except that granted by R.C. 2743.75, and that statute only grants the court authority to enforce R.C. 149.43(B). *Cotten v. Court of Common Pleas*, 2018-Ohio-3948, ¶¶ 8-10 (10th Dist.); *Dillingham v. Butler Cty. Prosecutor's Office*, 2018-Ohio-3654, ¶ 5, adopted 2018-Ohio-4360 (Ct. of Cl.). The Auditor is county official, and the Auditor's duty to keep minutes of the Board's proceedings is not based on R.C. 149.43(B). The court therefore has no jurisdiction to compel the Auditor to create the minutes Mr. Gantler seeks.

### C. R.C. 149.43(B)(6) does not require respondent to create a written transcript of the Board of Revision's proceedings.

{¶7} Mr. Gantler's claim that R.C. 149.43(B)(6) requires the Auditor to create a written transcript of the proceedings should be rejected because it is at odds with the language of that statute. Although R.C. 149.43(B)(6) mandates that a public office "permit the requester to choose to have the public record *duplicated* upon paper (emphasis added)," that is not what Mr. Gantler seeks. "A duplicate means the double of anything; an original repeated; a document the same as another*." City Loan & Savs. Co. v. Morrow*, 96 Ohio App. 476, 480 (4th Dist.1954). To duplicate something is to make an "exact copy" of it. *The Cambridge Dictionary*;[2] *Dictionary.com*.[3] Examples would include printing a copy of a record stored on microfiche or in a PDF file. Creating a transcript of a videotape would be a different undertaking, resulting in a distinctly different product. It would no longer be an audio/visual record of the proceeding, but a verbal rendering of only part of the proceeding (the parts that were spoken). That would not be a "duplicat[e]" within the meaning of R.C. 149.43(B)(6). Indeed, the cases have distinguished recordings from transcripts. *State ex rel. Dispatch Printing Co. v. Morrow Cty. Prosecutor's Office*, 2005-Ohio-685, ¶¶ 12-18; *State ex rel. Slagle v. Rogers*, 2004-Ohio-4354, ¶¶ 16, 17.

### D. Requester's delay claim is not properly before the court.

{¶8} Although not mentioned in his complaint, Mr. Gantler's evidentiary submission seeks a declaration that the Auditor unreasonably delayed its response to his public records request. *Requester's Evidence*, p. 4. That claim was waived because it was not asserted in Mr. Gantler's complaint. *State ex rel. Taxpayers Coalition v. City of Lakewood*, 86 Ohio St. 3d 385, 390-391 (1999).

### E. Requester should bear the costs of this case.

{¶9} Costs should be assessed against requester pursuant to R.C. 2743.09(F), and R.C. 2303.20 because he implicitly agreed to pay those costs by filing this case. *Helfrich v. Hall*, 2022-Ohio-1852, ¶ 25 (5th Dist.).

---

[2] https://dictionary.cambridge.org/us/dictionary/english/duplicate#google_vignette (accessed October 14 2024).

[3] https://www.dictionary.com/browse/duplicate (accessed October 14, 2024).

**III. Conclusion**.

{¶10} Based on the foregoing I recommend that the court:

- Enter judgment for respondent.

- Requester bear the costs of this case.

{¶11} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

TODD MARTI
Special Master

**Filed October 15, 2024**
**Sent to S.C. Reporter 11/6/24**