[Cite as *Gantler v. Trumbull Cty. Aud.*, 2024-Ohio-5969.]

**IN THE COURT OF CLAIMS OF OHIO**

| | |
|---|---|
| LEONARD THOMAS GANTLER | Case No. 2024-00596PQ |
| Requester | Judge Lisa L. Sadler |
| v. | <u>DECISION AND ENTRY</u> |
| TRUMBULL COUNTY AUDITOR | |
| Respondent | |

{¶1} In this public-records case, Requester has filed written objections to a Special Master's Report and Recommendation. Respondent opposes Requester's objections.

{¶2} The Court overrules Requester's objections and it adopts the Special Master's Report and Recommendation for reasons that follow.

## I. Background

On July 29, 2024, Requester filed a Complaint against Respondent, alleging a denial of access to public records in violation of R.C. 149.43(B). Requester asserted:

> I had requested paper copies of the Board of Revision minutes for my Valuation Complaint. Reference No.2023-28-5-00263-RG. 07-22-2024.
>
> The Auditor's office replied that the Auditor. as the BOR Secretary. does not prepare minutes. a violation of O.R.C. Section 5715.08.
>
> The Auditor's office refused to provide me with paper copy transcripts of my BOR proceedings, a violation of O.R.C. Section 143.43 (B)(6).
>
> The Auditor's office sent me a series of emails requesting additional information, my BOR hearing, but provided no record of those emails.
>
> The Auditor's office terminated my Public Record falsely claiming they had fully complied with that request.

The Court appointed a Special Master who referred the case to mediation. After mediation failed to successfully resolve all disputed issues between the parties, the case

was returned to the Special Master's docket.  Pursuant to Civ.R. 12(B)(6), Respondent subsequently moved for an order dismissing Requester's Complaint.

{¶3} On October 15, 2024, the Special Master issued a Report and Recommendation (R&R).  The Special Master notes that Requester asked the Trumbull County Auditor for paper or PDF copies of certain minutes of the Trumbull County Board of Revision.  The Special Master further notes that the Trumbull County Auditor provided Requester with a link to download a video of the proceedings because no minutes were prepared.  The Special Master determined in the R&R that this Court has no jurisdiction to compel Respondent to create the minutes that Requester seeks (R&R, 2), that Requester's claim that R.C. 149.43(B)(6) requires Respondent to create a written transcript of certain proceedings should be rejected because it is at odds with the language of R.C. 149.43(B)(6) (R&R, 3), and that Requester's evidentiary submission, which seeks a declaration that Respondent unreasonably delayed its response to Requester's public-records request, was waived because it was not asserted in Requester's complaint.  (R&R, 3-4.)  The Special Master recommends that the Court deny Respondent's motion to dismiss because it relies on evidentiary matters beyond the Complaint (R&R, 2.), that the Court enter judgment for Respondent (R&R, 1, 4), and that Requester bear the costs of this case.  (R&R, 1, 4.)

{¶4} On October 17, 2024, Requester filed written objections to the Special Master's Report and Recommendation.  According to an accompanying Certificate of Service, Requester served a copy of the objections on Respondent's counsel "via United States Postal Service Certified Mail."[1]

{¶5} On October 29, 2024, Respondent filed a written response to Requester's objections.  A Certification accompanying Respondent's response suggests that Respondent's counsel served a copy of the response by certified U.S. mail.[2]  In

---

[1]       Pursuant to R.C. 2743.75(F)(2), either party may object to a Report and Recommendation within seven business days after receiving the Report and Recommendation by filing a written objection with the Clerk and "sending a copy to the other party by certified mail, return receipt requested."

[2]       The Certification accompanying Respondent's response references an Entry of Appearance, which was sent to Requester by certified U.S. mail.  Under R.C. 2743.75(F)(2) if either party timely objects, the other party "may file with the clerk a response within seven business days after receiving the objection and send a copy of the response to the objecting party by certified mail, return receipt requested."  R.C. 2743.75(F)(2).

opposition, Respondent contends that Requester's grounds for challenging the Report and Recommendation "are both procedurally deficient and substantively misguided" because Requester "fails to articulate with requisite specificity the basis for its objections and demonstrates a fundamental misunderstanding of the case law cited by the Special Master."[3]

## II.    Law and Analysis

{¶6} The General Assembly has created an alternative means to resolve public-records disputes through the enactment of R.C. 2743.75. *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 2020-Ohio-5371, ¶ 11. *See* R.C. 2743.75(A). Under Ohio law a requester "must establish entitlement to relief in an action filed in the Court of Claims under R.C. 2743.75 by clear and convincing evidence." *Viola v. Cuyahoga Cty. Prosecutor's Office*, 2021-Ohio-4210, ¶ 16 (8th Dist.), citing *Hurt v. Liberty Twp.*, 2017-Ohio-7820, ¶ 27-30 (5th Dist.). *See Welsh-Huggins* at ¶ 32. Clear and convincing evidence "is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus. It is a requester's burden to prove, by clear and convincing evidence, that the requested records exist and are public records maintained by a respondent. *See State ex rel. Cordell v. Paden*, 2019-Ohio-1216, ¶ 8.

---

[3]    A review of the Court's docket in this case shows no return receipt from the U.S. Postal Service indicating that the Court's certified mailing of the Report and Recommendation was received by Respondent. *See* R.C. 2743.75(F)(2) ("[u]pon submission of the special master's report and recommendation to the court of claims under [R.C. 2743.75(F)(1)], the clerk shall send copies of the report and recommendation to each party by certified mail, return receipt requested, not later than three business days after the report and recommendation is filed").

However, since Respondent refers the Special Master's Report and Recommendation in its response to Requester's objections, it thus appears that Respondent has reviewed the Special Master's Report and Recommendation. Since the Special Master recommends the issuance of a judgment in favor of Respondent, the Court finds that proceeding to issue a judgment on Requester's objections in accordance with the statutory deadline contained in R.C. 2743.75(F)(2) will not result in material prejudice to Respondent. *See* R.C. 2743.75(F)(2) ("[t]he court, within seven business days after the response to the objection is filed, shall issue a final order that adopts, modifies, or rejects the report and recommendation").

**{¶7}** A public-records custodian has the burden to establish the applicability of an exception to disclosure of a public record. *State ex rel. Cincinnati Enquirer v. Jones-Kelley*, 2008-Ohio-1770, paragraph two of the syllabus. In *Jones-Kelley* the Ohio Supreme Court held:

> Exceptions to disclosure under the Public Records Act, R.C. 149.43, are strictly construed against the public-records custodian, and the custodian has the burden to establish the applicability of an exception. A custodian does not meet this burden if it has not proven that the requested records fall squarely within the exception. (*State ex rel. Carr v. Akron,* 112 Ohio St.3d 351, 2006 Ohio 6714, 859 N.E.2d 948, P 30, followed.)

*Kelley* at paragraph two of the syllabus.

**{¶8}** R.C. 2743.75(F)(2) requires that any objection to a report and recommendation "shall be specific and state with particularity all grounds for the objection." In a memorandum, Requester challenges the Special Master's application of certain case law.[4] Requester presents the following objection: "Requester objects to the Special Master's finding that **O.R.C. 149.43 (B)(6) does not require respondent to create a written transcript of the Board of Revision's proceedings.**" Requester states:

> [V]ideotaped proceedings in lieu of minutes is commonly practiced by Ohio public bodies but such usage does not relieve an Ohio public body of compliance with Ohio Sunshine Laws, in this case a request made for a paper transcript in accordance with O.R.C. 149.43 (B)(6). The ruling made by the Special Master would preclude any Ohio public body using videotapes in lieu of minutes from compliance with O.R.C. 149.43 (B)(6). No such authority exists in either Ohio statutory or administrative law. Both the Special Master's finding on this issue and his award of costs should be reversed, the requester's objection upheld and an order issued to the respondent to provide a paper transcript of the Board of Revision's videotaped April 10, 2024 hearing.

---

4       Requester contests the Special Master's application of *City Loan & Savs. Co. v. Morrow*, 96 Ohio App. 476 (4th Dist.1954), "the *Dispatch* case," and *State ex rel. Slagle v. Rogers*, 2004- Ohio-4354.

{¶9} Requester's objection is not well taken for several reasons.

{¶10} First, under Ohio case law, a public office "has no duty to provide records that do not exist, or that it does not possess." *Viola v. Cuyahoga Cty. Prosecutor's Office*, 8th Dist. Cuyahoga No. 110315, 2021-Ohio-4210, ¶ 22 (8th Dist.), citing *State ex rel. Gooden v. Kagel*, 2014-Ohio-869, ¶ 5, 8-9. In this instance, because a transcript of the requested hearing does not exist, Respondent has no duty to provide a PDF copy or, a paper copy. of a non-existent transcript.

{¶11} Second, according to Ohio case law, under the public-records statute the government "has the duty to supply records, not information, and the government has no duty to create records to meet a requester's demand." *State ex rel. Morabito v. City of Cleveland*, 2012-Ohio-6012, ¶ 14 (8th Dist.), citing *State ex rel. Lanham v. Ohio Adult Parole Auth.*, 80 Ohio St.3d 425 (1997); *State ex rel. Mayrides v. Whitehall*, 62 Ohio St.3d 203 (1991); *State ex rel. Warren v. Warner*, 84 Ohio St.3d 432 (1999); and *State ex rel. Fant v. Tober*, 1993 Ohio App. LEXIS 2591 (8th Dist. April 28, 1993). *Accord State ex rel. Cioffi v. Stuard*, 2010-Ohio-829, ¶ 21 (11th Dist.), citing *State ex rel. Lanham v. Smith*, 2007-Ohio-609, ¶ 15 ("[i]n delineating the parameters of the express duty under R.C. 149.43(B)(1), the Supreme Court of Ohio has indicated that a public official is not required to create or provide access to a 'record' or document which never existed"). Thus, in this instance, Respondent has no duty to create a PDF copy of a non-existent transcript or create a paper copy of a non-existent transcript.

{¶12} Third, *even assuming for the sake of argument* that the Special Master's use of certain legal authority is inapt, as Requester' contends, the Special Master's conclusions of law and recommendations are nonetheless consistent with the ordinary application of case law as they existed at the time of the filing of the Complaint. It therefore does not follow that the Special Master's conclusions of law or recommendations lack merit. *See Myers v. Garson*, 66 Ohio St.3d 610, 614 (1993) ("a reviewing court is not authorized to reverse a correct trial judgment merely because erroneous reasons were assigned as a basis").

{¶13} Fourth, in an original action before this Court, the Court lacks statutory jurisdiction over Respondent for an alleged violation of R.C. 5715.08 by a county board

of revision. *See* R.C. 2743.02(E) ("[t]he only defendant in original actions in the court of claims is the state"); R.C. 2743.01(A) (as used in R.C. Chapter 2743, the "state" "means the state of Ohio, including, but not limited to, the general assembly, the supreme court, the offices of all elected state officers, and all departments, boards, offices, commissions, agencies, institutions, and other instrumentalities of the state. 'State' does not include political subdivisions"); R.C. 2743.01(B) (defining the term "political subdivisions, as used in R.C. Chapter 2743).

## III.    Conclusion

{¶14} For reasons set forth above, the Court OVERRULES Requester's Objection To Special Master Report and Recommendation filed on October 17, 2024. The Court adopts the Special Master's Report and Recommendation issued on October 15, 2024. Respondent's motion to dismiss is denied, judgment is entered in favor of Respondent, and court costs are assessed to Requester, in accordance with the Special Master's recommendations. The Clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

LISA L. SADLER
Judge

**Filed November 5, 2024**
**Sent to S.C. Reporter 12/20/24**